HALL ET AL. *v.* STATE EX REL. FREEMAN.

[No. 17,098. Filed January 11, 1944.]

*Edgar T. Laughlin,* of Odon, and *Arthur Rogers, of* Washington, for appellants.

*Flavian A. Seal* and *Alvin Seal,* both of Washington, for appellee.

DOWELL, J.—This was an action upon the official bond of Clarence Hall, as marshal of the town of Odon, Indiana, to recover on said bond damages for assault and battery upon and for false imprisonment of the appellee relatrix. The action was instituted against the said Hall as principal in the bond and against appellants Alonzo A. Lane and Marshall Cooper as sureties thereon.

The cause was tried to a jury after a change of venue to Dubois County, Indiana, resulting in a verdict for the appellee in the sum of $100.00 with judgment accordingly.

Error assigned is the overruling of appellants' demurrer to the complaint and the overruling of appellants' motion for a new trial. The motion for a new trial asserts (a) the verdict is not sustained by sufficient evidence (b) is contrary to law (c) the trial court erred in giving to the jury certain instructions.

The complaint, after the usual allegations of appointment, execution of bond and qualification, avers that on the 9th day of October, 1941, the appellant, Clarence Hall violently assaulted, beat and choked the relatrix and with violence dragged her into an automobile and forced her to go to the county seat of Daviess

County and there wrongfully gave her into the custody of the sheriff of the county and caused her wrongful imprisonment in the county jail for a period of thirty minutes without probable cause and on a false charge as the result of which she became ill and disabled, requiring medical attention, and was injured in her name and reputation, etc.

Exhibit A, incorporated in the complaint was a copy of the bond sued upon, of the following tenor:

"Know all men by these presents, that Clarence Hall as principal A. A. Lane and M. Cooper as sureties, are firmly bound unto the State of Indiana in the penal sum of $500.00, well and truly to pay they bind themselves, their heirs, their executors and their administrators.

"Signed this 27th day of April 1940.

"The condition of the above obligation is that, whereas, the said Clarence Hall has been duly appointed marshal of the town of Odon, State of Indiana, during the pleasure of the board of trustees of said town;

"Now, therefore, if the said Clarence Hall shall faithfully conduct his said office and account for all moneys of said town that may come into his hands during the term of his office as such marshal, then this bond shall be void, else in full force and effect.

"Witness our hands the day and year aforesaid.

Clarence Hall
A. A. Lane
M. Cooper."

To this complaint appellant addressed a demurrer with supporting memorandum as follows:

"This action is upon the bond sued upon for breach thereof, the liability of the principal in the bond is identically the same as that of his sureties, and:

"1. The facts alleged do not show any right in the plaintiff to maintain an action on the bond sued upon.

"2. The plaintiff is not a privy to the contract sued upon nor to the consideration thereof, and no facts are alleged showing that the plaintiff is a person to be benefited by the bond.

"3. No facts are alleged showing any breach of duty imposed by the bond.

"4. No facts are alleged showing any right in the plaintiff to maintain an action on the bond sued upon."

Section 48-201, Burns' 1933, § 11350, Baldwin's 1934, covers the subject of the bond of a town marshal and is as follows:

"The Clerk, Treasurer, and Marshal, shall, within ten [10] days from their election each and severally, give bond, payable to the State of Indiana, with surety to the approval of the board of town trustees, in such an amount as the board shall direct; but the bonds of each of such officers respectively shall be for a sum not less than double the amount of the estimated public funds that shall come into their hands at any time during the term of his office."

Section 48-206, Burns' 1933, § 11355, Baldwin's 1934, provides that, "in executing the orders of the trustees or enforcing the by-laws of such town, the marshal shall possess the powers and be subject to the liabilities conferred by law upon constables. He shall, in addition, have the powers and jurisdiction of a constable throughout the county in which such town is situated . . ."

That the grant of power to a public officer carries with it a mandate that such power shall be exercised for the public good and in the manner prescribed by law is too well settled to admit of argument as is also the principle that in such instances

the words "power" and "authority" may be construed as "duty" and "obligation." We have no doubt that the legislature by the statute intended to grant the town marshal, within the prescribed territorial limitation, the powers of a constable and to lay upon him the duties and obligations of that office.

The duties of a constable are those set out in § 49-3403, Burns' 1933, § 16119, Baldwin's 1934, among which are:

> "To act as conservator of the peace, and take forthwith, before the nearest justice, all who violate the law in his presence, and there charge them with such violation on oath. . . . Faithfully and diligently to discharge all other duties imposed on him by law."

Section 49-3410, Burns' 1933, § 16125, Baldwin's 1934, provides:

> "Any constable . . . who shall fail to discharge any duties incumbent upon him by law shall, with his sureties, be liable, on his bond, to the person injured, to the extent of his injury, with ten [10] per cent damages thereon."

The complaint states a good cause of action for false imprisonment. *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875.

In the light of the aforegoing, therefore, the appellant's demurrer was properly overruled. See also the recent case of *State ex rel. Penrod* v. *French et al.* (1943), 222 Ind. —, 51 N. E. (2d) 858.

A consideration of the evidence reveals a conflict thereof and we have no right to weigh it to determine the preponderance, though we might prefer a different result. That most favorable to the appellee is sufficient to show that on the date set out in the complaint the appellant, having arrested

one Roberts for public intoxication, drove his car into the alley adjacent to appellee's place of business; that appellee approached the car and offered to make bond for Roberts, and urged appellant to take Roberts before Andrew Williams, who was the nearest justice of the peace with an office in Odon; that after some altercation appellee was seized by appellant and forced into the car; that appellee was taken to the city of Washington, Indiana, approximately twenty-five miles distant and there given into the custody of a deputy sheriff at the county jail where she was placed in a cell where she remained for fifteen or twenty minutes after which, at the instance and request of appellant she was released, and, having in the meantime become hysterical, was taken to a physician who administered a sedative, prescribed other medicines and ordered appellee to a hospital where she remained for two hours. There was some evidence that appellee had been discharged from the hospital only a week previous, she having been a patient there for the treatment of an ailment. No charge was laid against appellee by appellant, nor was she held by virtue of any warrant or judicial order, though appellant testified that he arrested her for interfering with him in the Roberts arrest.

While it is true that an officer may, after having arrested a person for an offense committed in view, detain such person for a reasonable time within which to take him before a magistrate, nevertheless, the power of restraint, in such cases, is not a matter within the discretion of the officer making the arrest. He cannot legally hold the person arrested in custody for a longer period of time than is reasonably necessary, under all of the circumstances of the case, to obtain a proper warrant or order, for his further detention from some tribunal or officer author-

ized under the law to issue such a warrant or order. If the person arrested be detained or held by the officer for a longer period of time than is required under the circumstances, without such warrant or authority, he will have a cause of action for false imprisonment against the officer and all others by whom he has been unlawfully detained or held. *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875.

In the instant case the undisputed evidence shows that the said Andrew Williams was a duly qualified and acting justice of the peace in Odon, Indiana. This being true, the transportation of appellee a distance of twenty-five miles and her incarceration in jail, all without warrant or judicial order, can hardly be justified on the ground of necessity.

Nor does the mere fact that appellee was released, under such circumstances, relieve appellant. *Harness* v. *Steele, supra.*

A consideration of the evidence convinces us that it is sufficient to sustain the verdict and that the verdict is not contrary to law.

Appellants' third assignment, i. e., the trial court erred in giving to the jury certain instructions, cannot be considered because of appellants' failure to incorporate the instructions in his brief.

Affirmed.

NOTE.—Reported in 52 N. E. (2d) 370.