STATE OF INDIANA *v.* DANNY LOEHMER.

[No. 3-173A11. Filed December 28, 1973.]

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, *Daniel S. Tankersley,* Prosecuting Attorney, of Winamac, for appellant.

*Lester L. Wilson,* of Winamac, for appellee.

STATON, J.—This appeal is brought by the State of Indiana upon a question of law:[1]

Is a certified "computer printout" of a defendant's driving record admissible in evidence to show that on a given date his driver's license was suspended?

Officer William Wise signed an affidavit that he saw Danny Loehmer driving a motor vehicle while his driver's license was suspended.[2] During the trial, the State of Indiana tendered and offered into evidence a certified "computer printout" of Danny Loehmer's driving record which showed that his driver's license had been suspended from December 18,

1. IC 1971, 35-10-1-1; Ind. Ann. Stat. § 9-2305 (Burns 1956).
2. IC 1971, 9-1-4-52; Ind. Ann. Stat. § 47-2907 (Burns 1965).

1971 to April 18, 1972. The date of the alleged offense was December 22, 1971. Danny Loehmer objected to the admission into evidence of this offered exhibit for two reasons: (1) the exhibit was not the best evidence; and (2) there was a statutory prohibition, namely IC 1971, 9-2-1-29; Ind. Ann. Stat. § 47-1071 (Burns 1965).[3] The trial court sustained this objection and Danny Loehmer was discharged.

Neither of these reasons is a valid objection to the admissibility of the offered exhibit. A public record is a statutory exception of the best evidence rule.[4] *Coffey* v. *Wininger* (1973), 156 Ind. App. 233, 296 N.E.2d 154. Even if it were not, the reasoning supporting the application of the best evidence rule is

---

3. IC 1971, 9-2-1-29; Ind. Ann. Stat. § 47-1071 (Burns 1965) provides: "Certified abstracts of operating records furnished by commissioner—Cost—Not admissible as evidence.—The commissioner shall upon request furnish any insurance carrier or any person or surety a certified abstract of the operating record of any person subject to the provisions of this act [§§ 47-1044—47-1086, 47-1088], which abstract shall fully designate the motor vehicles, if any, registered in the name of such person and if there is no record of any conviction of such person of a violation of any provision of any statute relating to the operation of a motor vehicle or of any injury or damage caused by such person as herein provided, the commissioner shall so certify. The commissioner shall collect for each such certificate the sum of two dollars [$2.00]. Such record shall not be admissible as evidence in any action for damages or criminal proceeding arising out of a motor vehicle accident."

4. The trial court ruled that the exhibit was hearsay. The same exception applies. See *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 631, 251 N.E.2d 439, 443 for a definition of hearsay.

For the statutory exception to the Best Evidence Rule (sometimes referred to as the "Original Document Rule" or the "Doctrine of Completeness") and the hearsay rule see IC 1971, 34-1-17-7; Ind. Ann. Stat. § 2-1617 (Burns 1968) and IC 1971, 9-1-1-8; Ind. Ann. Stat. § 47-2408 (Burns 1968). IC 1971, 9-1-1-8; Ind. Ann. Stat. § 47-2408 (Burns 1968) provides:

"Records of department—Inspection—Certified copies—Fee—Admissible in court—Destruction of old records—Contracts for preparing searches—Collections deposited.—(a) All records of the department, other than those declared by law to be confidential for the use of the department shall be open to public inspection during office hours. (b) The commissioner and such officers of the department as he may designate are hereby authorized to prepare and deliver upon request a certified copy of any record of the department, other than those declared by law to be confidential, charging a fee of one dollar [$1.00] for each document so certified, in addition to the actual cost of having each such document made except certification of operating record and every such certified copy shall be admissible in any proceeding in any court in like manner as the original thereof.

not available.[5] The material fact to be established is a conclusion: Is Danny Loehmer's driver's license valid or suspended. The statutory prohibition ". . . Such record shall not be admissible as evidence in any action for damages or criminal proceeding arising out of a motor vehicle accident" is not a prohibition applicable to the exhibit offered by the State of

---

(c) The commissioner may destroy any records of the department which have been maintained on file for two [2] years which are obsolete and of no further service in carrying out the powers and duties of the department.

(d) The commissioner and such officers of the department as he may designate are hereby authorized to prepare and deliver information requested by persons, which require search and preparation for delivery. All requests of this nature shall be submitted in writing to the department accompanied by a fee of one dollar [$1.00] for each inquiry. The commissioner may contract with interested persons to compile information obtainable from the records of the department, and may charge in the amount agreeable to the parties: Provided, That this subsection is not to be construed to include law enforcement agencies or agencies of government.

"All of the moneys collected as authorized or directed by this section shall be paid into the motor vehicle highway account."

*Public Records:* This Court has characterized public records as those records prepared "pursuant to a statutory command or required by the nature of the office. . . ." *Coffey* v. *Wininger* (1973), 156 Ind. App. 233, 296 N.E.2d 154. See also *Robison* v. *Fishback* (1911), 175 Ind. 132, 93 N.E. 666. In other jurisdictions, public records have been deemed to be those kept by a public officer which are necessary or convenient and appropriate to the discharge of the duties of his office. *City Council of the City of Santa Monica* v. *Superior Court of Los Angeles County* (1962), 204 Cal.App.2d 68, 21 Cal.Rptr. 896, 899-900; *People* v. *Pearson* (1952), 111 Cal.App.2d 9, 244 P.2d 35; *Linder* v. *Eckard* (1967), 261 Iowa 216, 152 N.W.2d 833, 835; *Josefowicz* v. *Porter* (1954), 32 N.J.Super. 585, 108 A.2d 865, 868; *Connover* v. *Bd. of Educ. of Nebo School District* (1954), 1 Utah 2d 375, 267 P.2d 768, 770.

5. The classic reason for the best evidence rule was to avoid the possibility of fraud. 1 Greenleaf, Evidence 93 (1842); 1 Starkis, Evidence 387 (5th Am. ed. 1834); 1 Taylor, Evidence § 391 (1887). It is also applicable when the writing may be subject to interpretation or the words used are words of art and are singularly important. Any hazard in transmission might invoke the rule. In the present case, the right to inspect the record as well as the original order of suspension would remove these considerations. We have here the type of record referred to more than thirty years ago by Dean Wigmore:

"In a vast number of cases, the tenor of a record or an entry is quickly ascertainable, is open to no difference of opinion, and can be summarily stated without a literal transcription; the possibilities of harm are further diminished by the publicity of the record and its easy access for the detection of error. Accordingly, by statute, the use of certificates of the *effect or substance* of a document has been widely sanctioned." WIGMORE ON EVIDENCE, Vol. 5, § 1678, at 750-751 (3rd ed.).

Indiana. There is no ". . . motor vehicle accident" associated with Danny Loehmer's misdemeanor charge of driving a motor vehicle while his driver's license was suspended. This prohibition is against the use of such a record in reckless homicide, reckless driving and manslaughter cases.[6] Here the status of Danny Loehmer's driver's license and driving record are in issue. This is the distinction. *Barr* v. *State* (1933), 205 Ind. 481, 187 N.E. 259.[7]

The certified "computer printout" of Danny Loehmer's driving record is admissible in evidence. The issue and material question of fact to be established was whether his license was suspended or valid on December 22, 1971. Danny Loehmer could have examined his driving record at any time before trial. If he felt that further action needed to be taken, he could have made a motion for the State to produce the original suspension order.[8] He did neither. The cost of this appeal is hereby assessed against the Appellee, Danny Loehmer.[9]

Hoffman, C.J. and Robertson, P.J., concur.

NOTE.—Reported at 304 N.E.2d 835.

6. IC 1971, 9-2-1-29; Ind. Ann. Stat. § 47-1071 (Burns 1965) permits "any person" to obtain an abstract of a driving record from the commissioner. The purpose of the statute is to make these driving records available generally but to restrict their use by providing ". . . Such record shall not be admissible as evidence in any action for damages or criminal proceeding arising out of a motor vehicle accident." The charge of driving a motor vehicle while your driver's license is suspended is not remotely connected with a motor vehicle accident in the present case.

7. In *Barr* v. *State, supra,* the Indiana Supreme Court held that the defendant's record of prior convictions was admissible upon a habitual criminal charge since such evidence relates to the issue to be tried. By analogy, the issue to be tried in the present case was whether the driver's license of Danny Loehmer was valid or suspended on December 22, 1971. His driving record was admissible since the fact in issue was suspension of his driver's license on a given date.

8. *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N.E.2d 873; *Sexton* v. *State* (1972), 257 Ind. 556, 276 N.E.2d 836; *Auer* v. *State* (1972), 154 Ind. App. 164, 289 N.E.2d 321; *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822.

9. IC 1971, 35-1-43-2; Ind. Ann. Stat. § 9-2102 (Burns 1956); Rule AP. 15(G).