Jimmy J. WARNER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2-179A20.

Court of Appeals of Indiana,
Second District.

March 25, 1980.

Alan K. Wilson, Muncie, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant Jimmy J. Warner appeals his conviction of Driving Under the Influence, Second Offense [1] raising the following issues:

(1) whether a town marshal is authorized to effect an arrest outside the geographic limits of the town in which he is employed; and

(2) whether the trial court erred in admitting a certified "computer print-out" of Warner's driving record.

I

Warner was arrested by John Liggit, Town Marshal of Eaton, Delaware County,

---

**1.** IC 1971, § 9-4-1-54(b)(3) (Burns Code Ed.).

Indiana. The "stop" leading to Warner's arrest occurred approximately five (5) miles outside the town limits of Eaton. Warner contends a town marshal is not authorized to arrest outside the geographic limits of the town in which he is employed and, therefore, the arrest was illegal and the trial court erred in admitting evidence resulting from the arrest. We disagree.

Pursuant to IC 1971, § 18–3–1–32 (Burns Code Ed.),[2] a town marshal "shall possess all the common-law and statutory powers of constables." *See also Hall v. State ex rel. Freeman,* (1944) 114 Ind.App. 328, 52 N.E.2d 370.[3] IC 1971, § 17–4–36–5 (Burns Code Ed.) provides:

Acts throughout county—Citizens to aid.—Constables in the discharge of their duty, shall have power to act throughout their respective counties, unless specially restrained by law, and whenever necessary, may call upon any number of citizens to assist them in the discharge of their duties, who shall not refuse such assistance under such penalty as may be prescribed by the criminal law. [2 R.S. 1852, ch. 2, § 6, p. 480.]

While it is true, as Warner points out, that IC 18–3–1–32 states town marshals "shall be conservators of the peace *in the town,*" (emphasis added) such provision in no way restricts the first sentence of IC 18–3–1–32 which grants town marshals "all the common-law and statutory powers of constables." And, in this regard, since constables "have the power to act throughout their respective counties," IC 17–4–36–5, a *fortiori* town marshals have the power to effect an arrest throughout the county in which their respective towns are located.

Moreover, that a town marshal's authority to effect an arrest is not limited to the geographical bounds of his town is further evidenced by IC 35–1–21–1 (Burns Code Ed., Supp.1978) which provides:

All judges, coroners, and law-enforcement officers may arrest and detain any person found violating any statute of this state, until a legal warrant can be obtained. [Acts 1905, ch. 169, § 142, p. 584; 1978, P.L. 2, § 3514, p. 597.][4]

As it can be seen, IC 35–1–21–1 gives law enforcement officers the authority to arrest

---

**2.** IC 18–3–1–32 provides:

Marshal—Powers and duties.—In executing the orders of the town trustees and enforcing the ordinances of the town and the laws of the state, the marshal or duly appointed deputy marshal *shall possess all the common-law and statutory powers of constables,* except in relation to the service of civil process; and any warrant of search or arrest, issued by any judge, or magistrate, or justice of the peace of this state, may be executed in any part thereof by the marshal or deputy marshal subject to the laws of this state governing arrest and bail. The marshal or deputy marshal shall have the power, and it shall be their duty, to serve all process issuing from the town court. They shall be conservators of the peace in the town, and shall arrest, without process, all persons who within their view commit any crime or misdemeanor contrary to the statutes of this state or ordinances of the town, and take them before the court having jurisdiction of the offense with which the person is charged and retain them in custody until the cause of such arrest has been investigated, and shall suppress all breaches of the peace within their knowledge. Authority is hereby given for them to call *to their aid the power of the town and to* pursue and commit to jail all felons, persons guilty of misdemeanors or crimes in violation of the statutes of this state or the ordinances of

the town. The marshal shall have the power, and it shall be his duty to serve all process issued by the town board of trustees. [Acts 1969, ch. 252, § 305, p. 987] (emphasis added.)

**3.** It is to be noted that *Hall* cites the predecessor to IC 18–3–1–32, Section 48–206, Burns' 1933, which provided:

In executing the orders of the trustees or enforcing the by-laws and ordinances of such town, the marshal shall possess the powers and be subject to the liabilities conferred by law upon constables. He shall, in addition, have the powers and jurisdiction of a constable throughout the county in which such town is situated, and shall be entitled to the same fees as a constable while acting as such. [Acts 1905, ch. 129, § 28, p. 219.]

**4.** IC 35–1–21–1, before the 1978 amendment, provided:

All judicial officers, sheriffs, deputy sheriffs, coroners, constables, marshals, deputy marshals, police officers, watchmen and the conductors of all trains or cars carrying passenger or freight within this state, while on duty on their respective trains or cars, may arrest and detain any person found violating any law of this state, until a legal warrant can be obtained. [Acts 1905, ch. 169, § 142, p. 584.]

at any place within the state.[5] While no definitions of law enforcement officers are provided,[6] we are of the opinion such term clearly encompasses town marshals.[7]

Thus, Marshal Ligget's arrest of Warner outside the town limits of Eaton was valid and, therefore, the trial court did not err in admitting evidence obtained as a result of such arrest.[8]

## II

The trial court admitted into evidence a certified "computer printout" of Warner's driving record for purposes of proving a prior conviction of driving under the influence. The printout was attested by the Commissioner of the Bureau of Motor Vehicles. Warner contends the trial court erred in admitting this certified copy of his driving record. Specifically, Warner alleges it cannot be ascertained from the face thereof whether he was previously convicted of driving under the influence of alcohol and without such proof there is no evidence of a prior conviction.

■ Under Indiana law, a certified copy of a defendant's driving record, attested as public records by the Commissioner of the Bureau of Motor Vehicles, is admissible into evidence as an exception to the hearsay rule and the best evidence rule. *State v. Loehmer*, (1973) 159 Ind.App. 156, 304 N.E.2d 835. *See also Boone v. State*, (1978) Ind., 371 N.E.2d 708; *Wright v. State*, (1977) 266 Ind. 327, 363 N.E.2d 1221. Thus, the certified "computer printout" of Warner's driving record, attested by the Commissioner of the Bureau of Motor Vehicles, was properly admitted.

■ Warner is correct, however, in his contention that it cannot be ascertained from the face of the printout whether he was previously convicted of driving under the influence of alcohol. The three entries to which the State points, as a matter of law, do not establish beyond a reasonable doubt Warner was previously convicted of driving under the influence of alcohol on September 16, 1976. The entries are, at best, ambiguous and confusing.[9]

---

5. *Cf.*, Thompson's commentary, West's AIC 35–1–21–1 ("Such persons may make an arrest at any place within the state whenever a person is 'found violating any law.' ").

6. It is to be noted that the Study Commission made the following proposal for IC 35–2.1–3–1 which the Legislature did not enact:
    (e) "Law enforcement officer" includes police officers of any city or town, state police officers, county sheriffs and deputies of county sheriffs and all other public officials charged with the responsibility and duty of enforcing the laws of the State."
Criminal Law Study Commission, Indiana Code of Criminal Procedure: Proposed Final Draft at 48 (1972).

7. *Cf.*, BLACK'S LAW DICTIONARY 1029 (Rev. 4th ed. 1968) wherein "law enforcement officer" is defined as: "Those whose duty it is to preserve the peace."

8. We specifically direct the attention of appellee's counsel to the provision of Ind. Rules of Procedure, Appellate Rule 15(A)(3) which reads:
    (3) Unless specifically designated "For Publication", memorandum decisions shall not be published nor shall they be regarded as precedent nor cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel or the law of the case.

9. See note 9 on p. 974.

**9.** The printout, omitting formalities is as follows:

WARNER, JIMMY J.
619 E LINCOLN

LICENSE NUMBER

1-1370 S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
05/09/78

TYPE OF LICENSE

EATON, IND.

**OPERATOR**

| EYES | WEIGHT | HAIR | HEIGHT | SEX | DATE OF BIRTH | DATE APPLIED | RE EXAM DUE IN | LICENSE EXPIRES |
|---|---|---|---|---|---|---|---|---|
| GRE | 150 | BLA | 5 08 | M | 11/07/51 | 02/14/78 | 1182 | 11/82 |

 

### STATE OF INDIANA
### BUREAU OF MOTOR VEHICLES
### SUMMARY OF DRIVING RECORD

| DATE OF ACTION | POINTS | DESCRIPTION OF ACTION | COURT NO / TERMINATION | DOCKET NO / CASE NO | DOCUMENT REFERENCE NUMBER |
|---|---|---|---|---|---|
| 04/27/68 | 06 | RECK DRIVE 1 | 180331 | 117 | X273504 |
| 10/25/68 | RS | RECK DRIVE 1 | 181852 | 429 | X379185 |
| 10/31/68 | RS | IMPROP PAS 6 | 181852 | 4336 | X382478 |
| 10/25/68 | | SUSP S/R RD | 10/25/69 | C11283 | K472527 |
| 10/25/69 | | SUSP S/R O | 10/25/70 | C12026 | K460463 |
| 10/25/69 | | SUSP CLOSED | | C11283 | K697957 |
| 10/25/70 | | SUSP CLOSED | | C12026 | K893104 |
| 12/01/70 | | OPERATOR LICENSE ISSUED | | | Z010640 |
| 05/03/71 | 02 | SPEED | 000000 | ALASKA | G076008 |
| 03/13/73 | | OPERATOR LICENSE ISSUED | | 064-960526 | |
| 05/08/73 | 03 | SPEED 50/30 | 050231 | 73-57 | G494911 |
| 10/10/74 | | ON PROBATION | 04/10/75 | 330108 | M219445 |
| 05/27/75 | 02 | SPEED 035/20 | 180231 | 3294 | Z470895 |

CONTINUED NEXT FORM

A 4654695

WARNER, JIMMY J.
                CONTINUED FROM PREVIOUS FORM S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

| LICENSE NUMBER |
| S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 |
| TYPE OF LICENSE |

| EYES | WEIGHT | HAIR | HEIGHT | SEX | DATE OF BIRTH | DATE APPLIED | RE EXAM. DUE IN | LICENSE EXPIRES |
|------|--------|------|--------|-----|---------------|--------------|-----------------|-----------------|
|      |        |      |        |     |               |              |                 |                 |

### STATE OF INDIANA
### BUREAU OF MOTOR VEHICLES
### SUMMARY OF DRIVING RECORD

| DATE OF ACTION | POINTS | DESCRIPTION OF ACTION | COURT NO / TERMINATION | DOCKET NO / CASE NO | DOCUMENT REFERENCE NUMBER |
|----------------|--------|------------------------|------------------------|---------------------|----------------------------|
| 04/10/75 |    | PROB CLOSED |          |        330108 | M3890760 |
| 09/19/75 | 03 | SPEED 049/30 | 480131 | 43236 | Z564978 |
| 10/17/75 | 02 | SPEED 070/55 | 480131 | 43906 | Z589465 |
| 03/05/76 | 02 | SPEED 044/30 | 480131 | 46655 | Z703441 |
| 09/16/76 | P  | DWI-LIQUOR | 050131 | 16 | Z840381 |
| 09/16/76 |    | ON PRO-DWI | 09/16/77 |  | Z840381 |
| 09/16/76 | 03 | UNSAFE START | 050131 | 15-2 | Z852366 |
| 12/13/76 |    | SUSP S/R IC | 12/13/77 | 455 | M7818720 |
| 12/28/76 |    | SUSP D/I | 02/13/77 | 358500P | M7824570 |
| 02/13/77 |    | ON PROBATION | 12/13/77 | 358500P | M7824571 |
| 09/16/77 |    | CLS PRO-DWI |  |  | Z840381 |
| 12/13/77 |    | PROB CLOSED |  | 358500 | B1539620 |
| 12/13/77 |    | SUSP CLOSED |  | 455 | M7818720 |
| 02/09/78 |    | SUSP CLOSED |  | 358500P | B1991950 |
| 02/14/78 |    | NAME CHANGED FROM — WARNER, JIM J. |  |  | 0166701 11/07/51 |
| 02/14/78 |    | OPERATOR LICENSE ISSUED |  | 0680166701 |  |
| 04/21/78 |    | PRIOR STATUS- CLEAR |  |  |  |
| 05/09/78 | *  | CURRENT STATUS- CLEAR |  |  |  |

There being no other evidence in the record pertaining to any prior convictions for driving under the influence of alcohol within the prescribed period, we are constrained to hold the evidence was insufficient to establish Warner's guilt of driving under the influence, second offense. Since, however, the evidence was otherwise sufficient to establish Warner's guilt of driving under the influence of alcohol, an includable offense in the charge against Warner, we hereby direct the judgment of the trial court be modified and the sentence reduced to driving under the influence of alcohol in conformity with this opinion. *See Dickens v. State*, (1973) 260 Ind. 284, 295 N.E.2d 613; *Hutchinson v. State*, (1967) 248 Ind. 226, 225 N.E.2d 828.

Judgment ordered modified.

BUCHANAN, C. J., and SULLIVAN, J., concur.