Donald E. WEAVER, Appellant,

v.

STATE of Indiana, Appellee.

No. 2–479A111.

Court of Appeals of Indiana,
Second District.

May 28, 1980.

John W. Forcum, Hartford City, for appellant.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant Donald E. Weaver appeals his conviction of operating a motor vehicle when adjudged an habitual traffic offender, IC 1971, 9–4–13–13 (Burns Code Ed.),[1] raising the following issues for our review:

(1) whether the trial court erred in admitting State's exhibit number one (1); and

(2) whether the judgment is supported by sufficient evidence.

We affirm.

---

be taxable under IC 6–3–7–1. [Emphasis added.]

1. IC 9–4–13–13 provides:

"It shall be unlawful for any person who has been adjudged an habitual traffic offender under the provisions of this chapter [9–4–13–1—9–4–13–18] to operate any motor vehicle, which is required to be registered, on public thoroughfares or on private property which is commonly used by the motoring public in this state while the order of the court prohibiting such operation remains in effect."

(IC 9–4–13–13 has been repealed and replaced by IC 9–4–13–14 effective July 1, 1978.)

## I

The trial court admitted into evidence State's exhibit number one (1), a certified "computer printout" of Weaver's driving record. The printout was attested by the Commissioner of the Bureau of Motor Vehicles, Ralph W. Van Natta. Weaver objected to the admission of this exhibit on two grounds: (1) it was not properly authenticated, and (2) it was inadmissible hearsay.

On appeal, Weaver argues this exhibit was not properly authenticated; adding to this allegation the contention that there was no evidence indicating he was the individual named in State's exhibit number one (1).

Weaver has failed to preserve for our review his second contention first raised on appeal.

■■■ The grounds of alleged error in the admission of evidence must be the same on appeal as urged at trial. *Fair v. State,* (1977) 266 Ind. 380, 364 N.E.2d 1007. Thus, the additional basis urged on appeal, pertaining to inadequate proof Weaver is the person named in State's exhibit number one (1), differing from those urged at trial, can not be addressed by this Court.

■■■ Moreover, Weaver's contention that State's exhibit number one (1) was insuffi-

ciently authenticated is without merit. Weaver's arguments in this regard fail to recognize that there are certain types of writings or documents that are considered "self-identifying" or "self-authenticating." Public or official records, such as State's exhibit number one (1), fall within this category.

Pursuant to IC 1971, 34–1–17–7 (Burns Code Ed.),[2] copies of public records are authenticated, and thereby admissible, when they are attested as true and complete by the keeper of the records under the seal of his office or, if the officer has no seal, when his attestation is accompanied by a certificate from the clerk under the seal of the circuit or superior court of the county wherein the officer resides, that such attestation is made by the proper officer. *Eldridge v. State,* (1977) 266 Ind. 134, 361 N.E.2d 155.

Similarly, Ind.Rules of Procedure, Trial Rule 44(A)(1),[3] made applicable to criminal trials through Ind.Rules of Procedure, Criminal Rule 21, provides that an official record is admissible when it is attested as a true and complete copy by the officer having legal custody of the record or his deputy, and no further proof of authenticity is required. *Johnson v. State,* (1977) 267 Ind. 256, 369 N.E.2d 623, *cert. denied* 436 U.S.

---

**2.** IC 34–1–17–7 provides:

"Copies of records in public offices of this state.—Exemplifications or copies of records, and records of deeds and other instruments, or of office books or parts thereof, and official bonds which are kept in any public office in this state, shall be proved or admitted as legal evidence in any court or office in this state, by the attestation of the keeper of said records, or books, deeds or other instruments, or official bonds, that the same are true and complete copies of the records, bonds, instruments or books, or parts thereof, in his custody, and the seal of office of said keeper thereto annexed if there be a seal, and if there be no official seal, there shall be attached to such attestation, the certificate of the clerk, and the seal of the circuit or superior court of the proper county where such keeper resides, that such attestation is made by the proper officer. [Acts 1881 (Spec.Sess.), ch. 38, § 329, p. 240.]"

**3.** T.R. 44(A)(1) provides:

"(A) Authentication.

(1) Domestic. An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."

948, 98 S.Ct. 2855, 56 L.Ed.2d 791; *Eldridge v. State, supra.*

Thus, the certified "computer printout" of Weaver's driving record, attested as a true and complete copy by the Commissioner of the Bureau of Motor Vehicles, was properly admitted.[4]

## II

■ Weaver's final contention is that the judgment is not supported by sufficient evidence. We disagree.

The evidence most favorable to the State reveals the following: On September 22, 1977, at approximately 8 P.M., Indiana conservation officer Monte L. Beaver, Montpelier police officer Robert Rockwell, and Blackford County deputy sheriff Pat Crewdson observed Weaver exit the High Street Bar in Blackford County and enter his vehicle, a blue or green Ford, parked on the west side of Main Street. Weaver started the auto and proceeded to drive south on Main Street, also described as "old 303." Due to previous encounters with Weaver, Rockwell and Crewdson knew his license was suspended.

The three police officers proceeded to pull Weaver's automobile over. When he exited his vehicle, Weaver still had a glass in his hand. Upon being requested to produce his driver's license, Weaver admitted that he did not have one. Weaver was issued a traffic ticket, his auto was impounded, and he was released.

At trial, the State introduced a certified "computer printout" of Weaver's driving record, attested by the Commissioner of the Bureau of Motor Vehicles. The driving record contains entries revealing Weaver was adjudicated an habitual traffic offender on February 6, 1974 and, further, that on the same date Weaver's driver's license was suspended for a period of ten (10) years, until February 6, 1984. Additionally, Officer Crewdson testified, without objection, he was aware of Weaver's status as the prior hearing was in Blackford County and he had previously arrested Weaver twice for driving while suspended. Crewdson further testified the Ford Weaver was driving belonged to a Ford dealer in Montpelier and had "dealer's plates" affixed thereto.

■ When reviewing the sufficiency of the evidence, this court considers the evidence most favorable to the verdict, together with all reasonable inferences which may be drawn from that evidence. *McCormick v. State*, (1978) Ind.App., 382 N.E.2d 172. If there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *Taylor v. State*, (1979) Ind.App., 391 N.E.2d 1182. Moreover, in reviewing the sufficiency of the evidence, this Court does not judge the credibility of witnesses nor weigh the evidence. *McCormick v. State, supra.*

The elements of the offense of operating a motor vehicle after having been adjudged an habitual traffic offender are: (1) operating any motor vehicle which is required to be registered; (2) on public thoroughfares or on private property which is commonly used by the motoring public; (3) by a person adjudged an habitual traffic offender; (4) while the order prohibiting such person's operation of motor vehicles remains in effect. *Green v. State*, (1980) Ind.App., 403 N.E.2d 897; *Gilbert v. State*, (1977) Ind. App., 369 N.E.2d 650.

We believe there is evidence of probative value in support of each of the elements of the offense. Moreover, Weaver's contentions that the trial court must have judicially noticed all of the elements of the offense is misplaced. Crewdson testified the vehicle had dealer's license plates affixed thereto, thus establishing the first element, that the vehicle was required to be registered. Similarly, the officers testified Weaver drove the auto south on Main Street, thus establishing the second element, operating on a public thoroughfare. That Weaver

---

4. *Cf., Warner v. State*, Ind.App., —— N.E.2d —— (1980); *State v. Loehmer*, (1973) 159 Ind. App. 156, 304 N.E.2d 835 (a certified copy of a defendant's driving record, attested as public records by the Commissioner of the Bureau of Motor Vehicles, is admissible as an exception to the hearsay rule and the best evidence rule.)

had been adjudged an habitual traffic offender and the order prohibiting his operation of a motor vehicle was in effect was clearly revealed by the certified driving record. *Cf., Green v. State, supra* (one whose driving privileges have been suspended is thereby prohibited from driving a motor vehicle upon the public highways). Furthermore, the officers' testimony substantiated the fact that Weaver's license was suspended.

The judgment of the trial court is affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.