**Robert G. CUNNINGHAM, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1181A335.**

Court of Appeals of Indiana, First District.

July 27, 1982.

Transfer Denied Oct. 1, 1982.

James E. Davis, Davis & Davis, Greenfield, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## ON PETITION FOR REHEARING

Both the State and Cunningham file motions for rehearing. On March 29, 1982, we reversed this cause on the basis of the inadequacy of the personal waiver of the jury trial by Cunningham, which case is reported at 433 N.E.2d 405. In that opinion, because of the reversal, we did not rule on Issue 3, that the evidence was insufficient to prove a prior conviction of driving under the influence. In his motion for rehearing, Cunningham contends that if the evidence is insufficient to support the conviction, he would be placed in jeopardy a second time by the granting of a new trial. We have agreed to write to the merits of Issue 3, but our ruling thereon is adverse to Cunningham. The State's motion for rehearing is denied without opinion.

## STATEMENT OF THE FACTS

On January 26, 1981, Cunningham was charged with operating a motor vehicle while intoxicated on January 25, 1981, in Hancock County, after having been previously convicted of operating a motor vehicle while intoxicated. This offense is a Class D felony. Cunningham, in Issue 3, challenges only the sufficiency of the evidence to prove the prior conviction, not the sufficiency of the evidence to prove driving while intoxicated in the present instance. The evidence most favorable to support the conviction reveals the following: at the scene of the accident in which he was involved, Cunningham could produce no operator's license and gave false names at first. At last, he gave his name as Robert Glen Cunningham, date of birth September 12, 1944, Social Security number SS 308–46–2567. At trial, Officer Watkins testified, without objection, that a computer printout from the Bureau of Motor Vehicles obtained on the night of the arrest reflected four previous "arrests" for driving under the influence, and that Cunningham was one and the same person as shown in that print out. He further testified that Cunningham's present driving status was that of suspended. The certified copy of the computer print out was then admitted as Exhibit A, and it reflected the "arrests" testified to by Officer Watkins.

Exhibit B was then admitted without objection, and it was identified as a certified copy of "the abstracts of court convictions and suspensions of Robert G. Cunningham, D.O.B. [Date of Birth] 09/12/44, R.R. 3, Logansport, Indiana." Counsel for defendant not only did not object to Exhibit B, but stated:

"With the proviso that it is admitted solely for the purpose of proving the other convictions of operating under the influence and not as to other matters which may be therein contained."

Exhibit B showed at least three prior convictions of driving under the influence, the dates of conviction, the court which imposed the conviction, the county where it occurred, and the orders of suspension as a result thereof. Exhibit B corresponds with Exhibit A, in that the arrest dates stated in Exhibit A correspond with the conviction dates in Exhibit B.

■ Cunningham's argument is that the "records do not support the conclusions and therefore the conclusions and supporting records when taken together are confusing, ambiguous, and raise the spectre of an error in interpretation," and are not sufficient to prove a prior conviction of driving under the influence. He cites *State v. Loehmer*, (1973) 159 Ind.App. 156, 304 N.E.2d 835, and *Warner v. State*, (1980) Ind.App., 406 N.E.2d 971, in support of his argument. We are of the opinion that those cases do not aid his cause. *Loehmer* held that a certified copy of a computer print out was admissible to prove the dates of the suspension of a driver's license. *Warner* held that the certified computer print out, identical to Exhibit A in form, abbreviations and code, was not of and to itself adequate to prove prior convictions because the entries were ambiguous and confusing. Examination of the computer print out in *Warner* and this case reveal that neither showed convictions, only arrests. However, in *Warner* the certified copy of the "abstracts of Court convictions" were not involved, as here. Thus, the cases are wholly distinguishable. Further, any objection to the form or admissibility of Exhibit B was waived by the failure to object when it was offered into evidence. *Stanley v. Johnson*, (1979) Ind.App., 395 N.E.2d 863.

■ We hold that the evidence in this case was sufficient to prove the prior conviction of driving under the influence.

For the reasons stated, Cunningham's motion for rehearing and discharge are denied, and this cause is remanded for a new trial on all issues as heretofore ordered.

RATLIFF, P. J., and ROBERTSON, J., concur.