54 So.2d 790

**COFFEE COUNTY v. BERRY.**

4 Div. 159.

Court of Appeals of Alabama.

Aug. 21, 1951.

Rehearing Denied Oct. 2, 1951.

J. C. Fleming, Elba, for appellant.

C. L. Rowe, Elba, and Walters & Gibson, Troy, for appellee.

HARWOOD, Judge.

In the court below Worthy Berry sued Coffee County for damages to his motor truck resulting from the collapse of Dismukes bridge over Pea river.

At the conclusion of the evidence the lower court gave the general affirmative charge, with hypothesis, in favor of the plaintiff.

From the verdict and judgment in favor of the plaintiff the defendant below, Coffee County, perfected its appeal to this court.

The only point raised by appellant's brief and argument questions the action

of the lower court in giving the general affirmative charge with hypothesis in favor of the plaintiff below, because of the alleged insufficiency of the evidence tending to show that Dismukes bridge was built by an independent contractor rather than by Coffee County itself. See Section 57, Title 23, Code of Alabama 1940.

Our review will therefore be limited to this phase of the case.

At the opening of the trial below the following stipulation of certain facts was made between the parties:

"It Is Agreed Between the Parties, That the claim against the County, herein sued for was duly and legally filed with the Court of County Commissioners of Coffee County, Alabama; that the same was denied, and that the suit was filed immediately after the claim was denied.

"It Is Further Agreed, That if there was a contract between the County and some other person or persons for the erection of said bridge, that the original of said contract cannot be found, and it is not of record in the Probate Office of Coffee County, Alabama, and was either obliterated, lost or destroyed; and that there was a flood in Elba, Alabama in 1929 which did obliterate or destroy certain records; but it is not now known from the public records whether there was a contract in existence or not."

The loss and destruction of these records justified the plaintiff in making out his proof by secondary evidence. Walker County v. Burdeshaw, 232 Ala. 621, 169 So. 227.

The plaintiff introduced as a witness Mr. W. E. DuBose, who was 83 years of age, and whose hearing and sight were poor.

Mr. DuBose and a Mr. Dunnavant had worked on the bridge when it was constructed.

The following excerpts show the tenor of his testimony on direct examination:

"A. I don't remember it has been so long, Squire, but it is like this: Me and Mr. Dunnavant contracted to haul the three bridges, and then after we did that the Converse Bridge Company put the steel department up and then they let us have the abutments.

\* \* \* \* \* \*

"Q. Speaking of the contract that they had, you have already told about the officials of the Converse Bridge Company telling about the specifications? A. Yes, sir.

"Q. And how to place them? A. Yes, sir.

"Q. And you were working there with them? A. We were putting the approaches to the bridge, me and Mr. Dunnavant, you see. The contract was, we was to dig a ditch six feet deep, put down a mudsill, put down pilings and put capsills on top of that.

"Q. Who did the steel work before you all got around to that? A. Converse Bridge Company, as we knowed them as the Converse Bridge Company,—just a crew of men. I just knew them as men, but we considered them as Converse Bridge Company. As to knowing ary man, I didn't personally, I don't think."

On cross examination this witness testified that he was not present when the men who worked for the Converse Bridge Company were employed, so he did not know who they were working for, and could not say they were county employees, though when they were working there they were said to be working for the bridge company.

This witness, and also one of the appellant's witnesses also testified that there is a plate attached to the bridge showing it to have been built by the Converse Bridge Company in 1897.

The plaintiff below also offered in evidence certain records of the Commissioners. Court of Coffee County, being minutes of the proceedings of the Commissioners. Court relative to certain payments authorized by the Commissioners Court. The genuineness of these records was stipulated between counsel.

These minutes show that in July 1897 the Treasurer of Coffee County was authorized to pay W. E. DuBose fifty dollars "for buttments on Dismukes Bridge," and sixty dollars for "work on Dismukes

Bridge." It was further ordered that the Treasurer pay J. J. Dunnavant sixty dollars for "work on Dismukes Bridge."

There was also offered in evidence from the records of the Commissioners Court excerpts from the minutes showing that on July 21, 1897, the Converse Bridge Company was paid $1,500 on "Bridge Claim," and on October 12, 1897 it was paid $1,291.-85.

There was also received in evidence an excerpt from the minutes of a meeting of the Commissioners Court on April 13, 1898, which show that on that date the county treasurer was ordered to pay $2,-348.01 to the Converse Bridge Company on the 1st day of January 1903, with the privilege of paying sooner with a deduction of 8% per annum.

■ Over the defendant's objection the court also permitted to be introduced a minute of the Commissioners Court made in 1901, which minute pertains to a contract made between Coffee County and the Converse Bridge Company pertaining to a steel bridge across the Pea river at Alberton.

The court permitted this evidence to be introduced because it would be some evidence "to show that along about that period of time the County was contracting steel structures, * * *" and that "due to the long lapse of time from 1897 and 1901 to the present time, I think the court is justified in permitting it in evidence even though to some extent it might be remote, because it is difficult for it to be proven otherwise." The court thought however it furnished evidence of probative value from which the jury could reasonably draw an inference.

In this ruling we think the court was correct, in that such evidence tended to show the system or plan by which Coffee County erected steel bridges some forty or more years ago, and thus was within the exception to the general rule excluding evidence regarding collateral facts. Particularly is such evidence competent and material when viewed in the light of

Section 2451 et seq., of the Code of 1896, in effect at the time this steel bridge was built. The above code sections relate to the procurement of labor and work on public roads, and the procurement of instruments, "If * * * other * * * than ordinary farming tools are necessary." See particularly Sections 2470, 2476, Code of 1896.

On cross examination of appellant's witness Willis Wilson it was developed that he had been a County Commissioner for Coffee County for sixteen years, from the district in which Dismukes Bridge is located; that the bridge has attached to it a plate showing it was built by the Converse Bridge Company; and that this witness never knew of the County Commission ever building a bridge of comparable size to Dismukes bridge without letting a contract for its erection.

No evidence was submitted by the appellant tending to controvert the evidence submitted by the appellee in this phase of the case that is, that the bridge was built by an independent contractor.

■ The evidence submitted by the plaintiff below in this aspect of the case we think rationally compels the inference that Dismukes bridge was constructed for Coffee County by the Converse Bridge Company, and any other conclusion would involve a tortured interpretation of the facts.

■ This being so it is our conclusion that the lower court was justified in giving the general affirmative charge with hypothesis in favor of the plaintiff below in so far as the question of the erection of Dismukes bridge by an independent contractor is concerned. The rule is that where evidence is without conflict and contrary inferences cannot reasonably be drawn, the affirmative charge is properly given. Ellis v. New York Life Ins. Co., 214 Ala. 166, 106 So. 689; New York Life Insurance Co. v. Torrence, 26 Ala. App. 38, 153 So. 458, certiorari denied 228 Ala. 286, 153 So. 463.

Affirmed.