UNITED STATES of America, Appellee

v.

Marvin MANDEL, Appellant.

UNITED STATES of America, Appellee,

v.

W. Dale HESS, Appellant.

UNITED STATES of America, Appellee,

· v.

Harry W. RODGERS, III, Appellant.

UNITED STATES of America, Appellee,

v.

William A. RODGERS, Appellant.

UNITED STATES of America, Appellee,

v.

Irvin KOVENS, Appellant. .

UNITED STATES of America, Appellee,

v.

Ernest N. CORY, Jr., Appellant.

Nos. 77–2487—77–2492.

United States Court of Appeals,
Fourth Circuit.

Heard En Banc June 5, 1979.

Decided July 20, 1979.

Second Rehearing En Banc Denied
Nov. 1, 1979.

Arnold M. Weiner, Baltimore, Md., for appellant Marvin Mandel (Eugene Gressman, School of Law, University of North Carolina, Chapel Hill, N. C., on brief), for appellants in 77–2487 through 77–2491; (D. Christopher Ohly, M. Albert Figinski, Baltimore, Md., on brief), for appellant Marvin Mandel; (William G. Hundley, Washington, D. C., on brief), for appellant W. Dale Hess; (Thomas C. Green, William W. Taylor, III, Washington, D. C., on brief) for appellant Harry W. Rodgers, III (Michael E. Marr, Baltimore, Md., on brief), for appellant William A. Rodgers; (Norman P. Ramsey, William F. Gately, Baltimore, Md., on brief), for appellant Irvin Kovens; (Charles G. Bernstein and Michael Schatzow, Baltimore, Md., William C. Brennan, Jr., DePaul, Willoner & Kenkel, College Park, Md., on brief), for appellant Ernest N. Cory, Jr..

Daniel J. Hurson, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Barnet D. Skolnik and Elizabeth H. Trimble, Asst. U. S. Attys., Baltimore, Md., on brief), for appellee United States of America.

Before HAYNSWORTH, Chief Judge, and BUTZNER, RUSSELL, WIDENER, HALL and PHILLIPS, Circuit Judges, sitting en banc.

PER CURIAM:

The judgments of conviction are affirmed by an equally divided court.

A majority of the members of the en banc court would affirm the judgments of conviction against all of the contentions of the appellants except the claim of error in the charge to the jury which was the point upon which there was equal division.

*AFFIRMED.*

WIDENER, Circuit Judge, dissenting:

I respectfully dissent for all of the reasons discussed in the majority opinion of the panel, *United States v. Mandel*, 591 F.2d 1347 (4th Cir. 1979), and would add the following additional comments.

I

The point of difference on which the en banc court is evenly divided relates to the denial by the trial judge of requested instructions. As indicated in the panel opinion, I would have reversed because of what I consider error in failing to give a bribery instruction in connection with the mail fraud counts of the indictment, and also for failure to give an instruction concerning

Governor Mandel's knowledge of other defendants' financial interests. Without deemphasizing the latter, I think that affirming despite the lack of a bribery instruction for the mail fraud counts is so far from settled precedent that the reasoning should be stated in the opinion of the court. On that account, I state my reasons for considering such denial reversible error.

The mail fraud counts of the indictment had for a substantive basis a charge of bribery. However carefully one may comb the record, one can unearth no basis for wrongdoing by *all* the defendants,[1] which would be violative of the mail fraud statute, other than the charge of the acceptance on the part of defendant Mandel and the giving by the other defendants of a bribe or bribes. It is clear that such bribery was an essential element of the crime stated in the mail fraud counts of the indictment.[2]

Such was the construction given the indictment at the first hearing before Judge Murray, when one of the issues was a construction of the charges in the indictment. Judge Murray's ruling on this point was clear:

"While the factual allegations in the indictment make the scheme appear to be a complex and subtle one, the thrust of the charges is simple. In essence, the indictment charges that the defendants devised a scheme to defraud the citizens and the state of Maryland by *bribing* the Governor to assist legislation which would be financially beneficial to the owners of Marlboro . . . ." *United States v. Mandel*, 415 F.Supp. 997, 1005 (D.Md. 1976) (Emphasis added).

And that ruling accorded with the position taken by the government itself at the hearing.

At the first trial, the government asserted that bribery was at the heart of its mail fraud prosecution. Thus, counsel for the government at that trial stated to the jury:

"Ask yourselves the question, as the evidence comes in, did the benefits that these men were giving to Marvin Mandel really have nothing to do with the benefits that they wanted to get out of the State Government and that to a substantial extent they were getting out of the State Government because that is the question *ultimately* that you are going to have to be deciding." (Emphasis added)

And throughout and until the end of the second trial, although the government may have begun to shift its position with regard to bribery in connection with the mail fraud counts of the indictment, it continued to emphasize the importance of bribery in connection with those counts by introducing a mass of evidence on the alleged flow of benefits to Governor Mandel from the other defendants in return for official preference, without limiting such evidence to the racketeering counts of the indictment. The pervasive influence of bribery on the whole case is shown by the charge of the trial court to the jury with respect to the mail fraud counts, when, although it had just refused the bribery instruction of the defendants with respect to the mail fraud counts, in stating the charge against the defendants, it related the charge that Governor Mandel had not performed his office "free from bribery." The government at that time did not disclaim the bribery charge, as in fact it should have as a matter of common fairness if indeed it had abandoned the charge. Rather, it stayed silent when it had a duty to speak, and thus had its cake and ate it too.

Despite all this background, the government strenuously objected to any bribery instruction in connection with the mail fraud counts, as requested by the defend-

---

1. As the panel opinion pointed out, there were two bases shown by the evidence on which the prosecution for mail fraud in this case could have been pursued: bribery and concealment or misrepresentation of material information. However, evidence of Governor Mandel's connection with the alleged concealment or misrepresentation scheme was tenuous at best.

2. Paragraph 27 of count 1 of the indictment alleged that "*Marvin Mandel* would and did . . . . *in return for* financial and other benefits . . . act with intent to aid and assist certain legislation and legislative matters financially beneficial to the owners of Marlboro Race Track" (emphasis added). I think this is an accusation of bribery, pure and simple.

ants at the conclusion of the testimony. Contrary to the position taken by it essentially at all times prior, the government argued that bribery was not an element of the mail fraud charges and that it was improper to include a bribery instruction in connection with the mail fraud counts. The trial judge accepted this argument and denied the requested instruction.

Even in argument to the jury, counsel for the government argued that bribery was not relevant to the mail fraud counts. They did this on the basis of the trial judge's ruling denying defendants' requested instruction.

On this appeal, however, the government has made a complete flip-flop. It now concedes—contrary to its argument to the trial judge at trial, not to mention to the jury—that bribery is included in the charge under the mail fraud counts. But, contrary to its position at trial when it induced the trial judge to deny the defendants' request for a bribery instruction, it argues on this appeal that there was no error in the denial of an instruction on bribery under the mail fraud counts because:

(a) The trial judge did define bribery in connection with the racketeering counts and this was sufficient (1) to tell the jury what bribery was and (2) to tell the jury that bribery was included in the mail fraud counts (even though the trial judge specifically refused to so instruct the jury at the instance of the Government itself); and

(b) The trial judge did tell the jury, in summarizing the positions of the parties, that the defendants denied bribery.

This argument was accepted by those of my brothers who would affirm the judgment.

I cannot accept the argument. The government cannot blow hot and cold at the same time. It cannot argue that bribery is not involved in the mail fraud counts at trial and secure a ruling to that effect from the trial judge in connection with the jury instructions and use that ruling as a basis for the argument to the jury that the "whole concept of bribery is relevant only in Counts 21 and 23" (the racketeering counts), and then on appeal shift completely its position and contend that an instruction on bribery was to be treated as having been given, even though such an instruction was not only not included in the instruction on the mail fraud counts but had been specifically ruled to be improper. I cannot agree to such sophistry in a case where a defendant's right to a fair trial is involved.

The government and the trial judge agreed that bribery was an element in the crime charged in the racketeering counts. For that reason, a bribery instruction was given in connection with those counts. Neither the government nor the trial judge thought it sufficient to omit such an instruction simply because the trial judge had stated the conflicting positions of the parties. But when the trial court gave its instructions on the mail fraud counts, it *purposely* omitted any instruction on bribery. Would not a jury be expected to notice the contrast between the instructions on the mail fraud and racketeering counts? Would it not be reasonable for the jury to assume under these circumstances that bribery was in no way related to the mail fraud counts? And would not this be especially so in view of the argument made by the government counsel, fresh in the minds of the jury, that bribery was irrelevant to the mail fraud counts?

This is an involved case. The prosecution rests on fragmented circumstances, many of the more essential ones being no more than mere rumor and legislative corridor gossip. In such a case, is not a defendant entitled to precise instructions? What was done here was, however, more likely to confuse and mislead than to provide clear guidance for the jury. And that should entitle the defendants to a new trial. The error is not insubstantial; it is fundamental.

I further note that it was not explicitly noted in the panel opinion that a criminal defendant is entitled to an instruction on any theory of defense for which there is a foundation in the evidence, and that a refusal to so instruct is reversible error. Be-

cause that principle is so universally recognized and accepted, I should have believed it required no mention or citation. However, since the affirmance of the defendants' convictions must reject this time honored principle, I should point out that every circuit, including this court, has embraced the principle that a criminal defendant is *entitled* to an instruction on any theory of defense for which there is a foundation in the evidence. See, e.g., *United States v. Swallow*, 511 F.2d 415, 523 (10th Cir. 1975), cert. den., 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66; *United States v. Mitchell*, 495 F.2d 285, 287–88 (4th Cir. 1974); *United States v. Noah*, 475 F.2d 688, 697 (9th Cir. 1973), cert. den., 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 54; *United States v. Dana*, 457 F.2d 205, 208 (7th Cir. 1972); *United States v. Blair*, 456 F.2d 514, 520 (3d Cir. 1972); *United States v. Leach*, 427 F.2d 1107, 1112 (1st Cir. 1970), cert. den., 400 U.S. 829, 91 S.Ct. 57, 27 L.Ed.2d 59; *United States v. Blane*, 375 F.2d 249, 252 (6th Cir. 1967), cert. den., 389 U.S. 835, 88 S.Ct. 41, 19 L.Ed.2d 96; *Perez v. United States*, 297 F.2d 12, 15–16 (5th Cir. 1961); *Apel v. United States*, 247 F.2d 277, 282 (8th Cir. 1957); *United States v. O'Connor*, 237 F.2d 466, 474, n. 8 (2d Cir. 1956); *Tatum v. United States*, 88 U.S.App.D.C. 386, 190 F.2d 612, 617 (1951). The district court's refusal to give the substance of defendants' requested instructions on bribery and knowledge in connection with the mail fraud counts of the indictment clearly violated this principle.

The additional remarks I have made as to the sufficiency of the jury instructions should be read in light of the fact that the panel opinion carried the mail fraud statute near its outer limits, and some cases may arguably indicate beyond. See *Hammerschmidt v. United States*, 265 U.S. 182, 44 S.Ct. 511, 68 L.Ed. 968 (1924). Especially in view of that, it would have been far preferable for the district court to have charged the jury on the only two theories upon which a conviction could have been sustained, concealment or misrepresentation of facts and bribery. This, it did not do, and, assuming that is not reversible, it went further and rather than charge the jury with the law as it applied to the case, it charged the jury as to the contentions of the parties and even refused the defendants' proffered charges, as this dissent and the panel opinion note.

Accordingly, I am unshaken in my belief that the jury was inadequately and prejudicially charged in this case.

## II

With respect to the hearsay issue, I add only the following quote from *Kotteakos v. United States*, 328 U.S. 750, 761, 66 S.Ct. 1239, 1246, 90 L.Ed. 1557 (1945):

> "What may be technical for one is substantial for another; what minor and unimportant in one setting crucial in another.
>
> "Moreover, lawyers know, if others do not, that what may seem technical may embody a great tradition of justice, *Weiler v. United States, supra*, [323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495] or a necessity for drawing lines somewhere between great areas of law; that, in other words, one cannot always segregate the technique from the substance or the form from the reality. It is of course highly technical to confer full legal status upon one who has just attained his majority, but deny it to another a day, a week or a month younger. Yet that narrow line, and many others like it, must be drawn. The 'hearsay' rule is often grossly artificial. Again in a different context it may be the very essence of justice, keeping out gossip, rumor, unfounded report, second, third, or further hand stories."

The hearsay and double hearsay evidence relating to comments allegedly made on the floor of the Maryland Senate, which was the only direct evidence of Governor Mandel's feelings on the veto override, fall precisely within the categories of "gossip, rumor, unfounded report, second, third, or further hand stories," *Kotteakos* decries. They simply do not possess the requisite guarantees of trustworthiness required by Federal Rule of Evidence 803(24).

## III

Finally, I note that there are a number of issues raised in this case which are not dealt with in the majority en banc opinion. Discussion of these issues was unnecessary in the majority panel opinion since a new trial was required in all events.

Now, a majority of the court affirms the convictions on all grounds except the jury instructions, on which point the court is evenly divided. I question its decision not to discuss any of the remaining issues raised on appeal, some of which may present possible grounds for reversal.

For the reasons stated above and in the panel opinion, I respectfully dissent.

I am authorized by RUSSELL, J., to state that he joins in this opinion.