UNITED STATES of America,
Plaintiff-Appellant,

v.

Walter TRANOWSKI,
Defendant-Appellee.

No. 82–1489.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 25, 1983.

Decided March 23, 1983.

Rehearing and Rehearing En Banc
Denied May 13, 1983.

---

Howard M. Pearl, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellant.

Jeffrey Heller, Seyfarth, Sahw, Fairweather & Geraldson, Chicago, Ill., for defendant-appellee.

Before BAUER and POSNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

POSNER, Circuit Judge.

Stanley Tranowski used a counterfeit $5 bill to buy two "Whoppers" at a Burger King restaurant, and was tried and convicted of violating the federal counterfeiting law. The jury rejected his brother Walter's alibi testimony, and Walter was later indicted for perjury. At Walter's trial, a critical issue was whether a photograph of Stanley kneeling with his mother and his dog in front of rosebushes in bloom had been taken on the day when he was accused of having passed the counterfeit bill, as Walter had testified. Walter was convicted, and appealed. This court reversed. *United States v. Tranowski,* 659 F.2d 750 (7th Cir. 1981). Most of the opinion is devoted to the question whether an astronomer's testimony purporting to demonstrate from the angle of the shadow cast by the dog that the photograph could not have been taken on the day Walter said it was taken was sufficiently reliable to be admissible. The court held it was not, *id.* at 754–57, but in the last paragraph of its opinion examined the sufficiency of the other evidence to support Walter's conviction, concluded it was not sufficient, and ordered the judgment of conviction reversed, *id.* at 757.

The government then filed a motion for a new trial in the district court. The defendant argued that a new trial would place him in double jeopardy. The district court

agreed, and denied the government's motion, on the ground that "the Seventh Circuit opinion clearly rejects, not as inadmissible but as untrustworthy, the expert [astronomer's] testimony and expressly finds that the balance of the evidence is not sufficient to support the conviction. The opinion concludes with a reversal of the case without remand for the obvious reason that a second trial would be double jeopardy."

■ The first question is our jurisdiction over the appeal. In a criminal case the United States may appeal only from the "order of a district court dismissing an indictment or information," 18 U.S.C. § 3731, and the district court did not purport to dismiss the indictment. The label, however, is unimportant, as is shown by *United States v. Esposito,* 492 F.2d 6, 10 (7th Cir. 1973), which held that the grant of the defendant's motion for arrest of judgment was "tantamount to the dismissal of an indictment," and therefore appealable under section 3731, though not labeled a dismissal.

■ Section 3731, in confining government appeals to dismissals and further providing that "no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution," was intended to "allow [government] appeals whenever the Constitution [i.e., the double jeopardy clause] would permit." *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975). The district judge terminated this case on the government's motion to retry Walter Tranowski. The motion, and the action on the motion, preceded any trial on remand. Since jeopardy does not attach until the defendant is " 'put to trial before the trier of facts,' " *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975), the double jeopardy clause does not prevent the government from appealing the denial of its motion, and therefore the denial was a dismissal within the meaning of section 3731. Of course, if as Tranowski argues our previous opinion amounted to directing an acquittal, retrial would consti-

tute double jeopardy, and would be barred. But it is not barred because of the proceedings on remand.

■ Coming to the merits, we do not accept the characterization of this court's previous decision as directing that Tranowski be acquitted. The bulk of the opinion was devoted to a discussion of the astronomer's testimony, and despite the district court's contrary view we believe this court held his testimony inadmissible rather than simply unpersuasive. The discussion in the opinion begins with a reference to "admissibility," proceeds to a lengthy discussion of the Federal Rules of Evidence, states that "since there remains no other theory upon which [the astronomer's testimony] could have been admitted, it was error to rule otherwise," 659 F.2d at 755, and amplifies this conclusion with repeated quotations from decisions holding expert testimony inadmissible on various grounds, see *id.* at 757.

Having held the expert testimony inadmissible the court went on to hold that the remaining evidence that the government had presented—"the testimony of the neighbors and of the Burger King and drug store employees," *id.*—was insufficient to support the conviction. The purpose of this discussion is a little obscure. If inadmissible evidence was introduced against Walter Tranowski his conviction could not be affirmed merely because a rational jury might have convicted him on the basis of the other evidence in the case. Maybe, though, the court just meant to indicate that the admission of the astronomer's evidence was not harmless error, since the other evidence against Tranowski was far from overwhelming. Or maybe it wanted to provide guidance for the parties and the district judge in the retrial of Tranowski by making clear that the government could not get a conviction without putting in additional testimony.

These are conjectures but what is clear is that this court did not hold that Tranowski was entitled to acquittal because the evidence was insufficient. The court did not say, "the astronomer's testimony was not

admissible but even if it had been, there would have been insufficient evidence to prove the defendant guilty beyond a reasonable doubt." It said the astronomer's evidence was inadmissible and the *other* evidence in the case was insufficient. The court did not enter a judgment of acquittal or remand for the entry of such a judgment; it simply reversed the judgment of conviction.

This brings us to the main question raised by this appeal, which is whether a reversal for erroneous admission of evidence bars retrial if the remaining evidence is found to be insufficient to support the conviction. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), held that a reversal based on an error in admission of evidence does not in itself bar a retrial—it is like any other trial error in this regard—but expressly left open the question whether it would be a bar if the remaining evidence was insufficient. *Id.* at 26 n. 9, 98 S.Ct. at 2155 n. 9. The three circuits that have considered this question have held that it would not be a bar. *United States v. Sarmiento-Perez,* 667 F.2d 1239, 1240 (5th Cir.1982); *United States v. Harmon,* 632 F.2d 812, 814 (9th Cir.1980); *United States v. Mandel,* 591 F.2d 1347, 1371–74, rev'd en banc on other grounds, 602 F.2d 653 (4th Cir.1979). We think they are right. A contrary conclusion would lead the government to "overtry" its cases—to introduce redundant evidence of the defendant's guilt—in order to insure itself against the risk of not being able to retry the defendant should some of its evidence be held on appeal to be inadmissible. It would also require the court of appeals, in every case where it reversed a conviction because of erroneous admission of evidence, to determine the sufficiency of the remaining evidence—something the court would otherwise be required to do only if the government argued harmless error.

We are warned that the government might harass a defendant by trying him piecemeal, each time introducing new evidence to take the place of evidence held inadmissible on appeal from the previous conviction. But this is far-fetched. If the government holds back some of its evidence the first time, it runs the very considerable risk that the trial court will exclude other evidence and that the remaining evidence will be insufficient, with the result that either the jury will acquit or the judge will dismiss the charges against the defendant for insufficiency of the evidence; either way retrial will be barred. The possibility of such harassment is too remote to justify a rule that would bar the government from retrying a defendant who had won a reversal of his conviction because of erroneous admission of evidence, merely because the remaining evidence was insufficient by itself to support conviction. It would be a different case if the government had introduced the astronomer's evidence in bad faith. There is not the slightest indication of that. The distinguished district judge held it admissible and his reversal by a divided panel shows no more than an honest difference of opinion on a difficult issue of the law of evidence.

The judgment of the district court denying the government's motion for a new trial is reversed with directions to grant the motion. Circuit Rule 18 shall apply.

So Ordered.