This is a direct appeal from district court on stipulated facts and waiver of jury trial, and a certified question of law, pursuant to § 12-12-72(1) and (2), Code of Alabama 1975.
The question certified is as follows:
 "Whether a defendant may be convicted of driving while license suspended where the sole evidence of any prior traffic offenses is the five year driving record as provided by the Alabama Department of Public Safety to the prosecuting authorities; or, stated in another way, the same question is whether or not the State may use as its sole evidence of a prior conviction suspending a defendant's license to drive the five year driving record as provided to the State by the Alabama Department of Public Safety?"
The stipulated facts establish that on March 19, 1986, appellant was "lawfully" stopped by Headland Police and charged with driving while his license was suspended. At trial, on these stipulated facts, defense counsel and the district attorney agreed that the only issue before the trial court was whether the prosecution could properly prove the suspension of appellant's driver's license solely by a computer print-out of appellant's five-year driving record, supplied to the district attorney by the Alabama Department of Public Safety. The trial court ruled, over "proper objections," that the five-year driving record was admissible as proof of appellant's "prior conviction" and pronounced appellant guilty as charged and imposed a fine of $100 and costs. The record does not reflect what objections were made; however, the parties stipulated that the objections were proper. Appellee makes no argument in reference to the certified question; rather, the attorney general contends that the cause should be remanded to determine if "proper objections" were made. *Page 394 
The provision under which appellant was charged, § 32-6-19, provides, as follows:
 "Any person whose driver's or chauffeur's license issued in this or another state or whose driving privilege as a nonresident has been cancelled, suspended or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while such license or privilege is cancelled, suspended or revoked shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $100.00 nor more that $500.00, and in addition thereto may be imprisoned for not more than 180 days. Also, at the discretion of the director of public safety, such person's license may be revoked for an additional revocation period of six months."
In order to obtain a conviction pursuant to this provision, it is incumbent upon the prosecution to prove that the accused drove a "motor vehicle upon the highways of this statewhile such license or privilege is cancelled, suspended or revoked. . . ."
In general, any public or official record or document, or a properly authenticated copy or transcript thereof, is admissible subject to the same requirements of relevancy and materiality as apply to private writings. 30 Am.Jur.2dEvidence § 962 (1967). There are statutory provisions in most jurisdictions providing for the admissibility of properly certified and authenticated copies of public records. Id.
Alabama has such a statute: § 12-21-35. See also § 12-21-34, which authorizes the certification by a public official of the nonexistence of a record or an entry of such.
In addressing the particular problem before us, we observe that computer technology has led to new forms of records, and problems relating to the evidentiary use of these records will increase as the use of this technology expands.
In the relatively few cases which have involved the question of the admissibility of public records stored on electronic computing equipment, the courts have held that, under the circumstances, computer-made evidence of public records is admissible over objection that computer printouts are not the best evidence of the public records in question or that they violate the hearsay rule. Cunningham v. State, 438 N.E.2d 308
(Ind.App. 1982); State v. Loehmer, 159 Ind. App. 156,304 N.E.2d 835 (1973); Seattle v. Heath, 10 Wn. App. 949,520 P.2d 1392 (1974); Annot., 71 A.L.R.3d 232 (1976). In State v.Loehmer, the court held that, in a prosecution of a motorist for driving while his license was suspended, a certified computer printout of the motorist's driving record was admissible in evidence to show the status of his license on the date of the alleged offense. In Seattle v. Heath, the court held that abstracts of a motorist's driving record and the status of his driver's license as recorded on the computer at the department of motor vehicles were properly admitted at the motorist's trial for charges of negligent driving, leaving the scene of an accident with an attended vehicle, and driving without a valid driver's license. In Cunningham v. State, the court held that certified copies of abstracts of prior convictions of driving under the influence and computer printouts of previous arrests for driving under the influence were sufficient to prove prior convictions of driving under the influence for purpose of proving the charge of operating a motor vehicle while intoxicated after having been previously convicted of operating a motor vehicle while intoxicated.
In the case sub judice, the status of appellant's driver's license was at issue. In that regard, the material question of fact to be established was whether his driver's license was cancelled, suspended, or revoked on March 15, 1986, the date of the alleged offense. We hold that a properly certified computer printout, certified by the official having custody of the driving records in the State Department of Public Safety and showing the status of the driver's license of appellant on the date in question, would be admissible as presumptive or prima facie evidence of such fact. § 12-21-35.
Having addressed the legal question and finding that the computer printout was *Page 395 
admissible, provided it was properly certified and contained information relevant and material to the issues of the case, we now examine the computer printout introduced in evidence in this case. We note that we do not have before us the original exhibit, but we can discern from the record that the exhibit or printout actually introduced was not certified by the appropriate officer, nor does it appear that the exhibit disclosed the status of appellant's driver's license as of the date of the offense.
Without the proper certification, the printout is merely a written statement made by an individual who was unavailable to testify and, therefore, unavailable for cross-examination. Certification provides a means for rendering the evidence reliable and obviates the need for oral testimony to authenticate the writings. Without certification in this case, these protections were not secured.
Moreover, the computer printout relied upon simply did not disclose the essential fact in issue: The status of appellant's driver's license on March 15, 1986. Proof that appellant had been convicted prior to March 15, 1986, of driving without a license or driving while his license was suspended cannot substitute for proof that his license was suspended or in a revoked status on the date in issue.
For these reasons, the trial court was in error in receiving the printout in evidence. There being no other evidence to support this issue, we conclude that the State failed to meet its burden of proof that appellant was driving a motor vehicle upon the highways of this state while his license was cancelled, suspended, or revoked. Because the evidence is insufficient to support the judgment of conviction, we have no choice but to reverse the judgment of the lower court and render a judgment for the appellant. Burks v. United States,437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Jones v. State,481 So.2d 1183 (Ala.Cr.App. 1985).
REVERSED AND RENDERED.
All Judges concur. *Page 396 
[EDITORS' NOTE: PAGES 396-408 CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 683