Appellant, Rufus T. Brown, was convicted of driving under the influence of alcohol (D.U.I.), in violation of § 32-5A-191, Code of Alabama 1975, and driving while license revoked, in violation of § 32-5A-195. The evidence offered by the prosecution was substantially contradicted by the defense. However, no issue has been raised which requires a detailed rendition of the facts; therefore, only those facts pertinent to the issues discussed will be recited.
 I
Appellant's vehicle was stopped after police authorities observed the driver of the vehicle commit several traffic infractions. A field sobriety test was conducted, which appellant failed. Appellant was, at that point, advised of hisMiranda rights and arrested for D.U.I. The arresting officer transported appellant to police headquarters, where a breath test was conducted by Officer J.P. Reynolds. This test indicated that appellant's blood alcohol level was .21 per cent. Appellant contends that the court erred in admitting this test result because the prosecution allegedly failed to establish the proper predicate for its admission.
In Moore v. State, 442 So.2d 164, 166 (Ala.Cr.App. 1983), we stated, as follows:
 "[T]here are two methods by which the results of a photoelectric intoximeter test can be placed into evidence. Either it must be shown that the test was administered in conformity with the statute, or the traditional evidentiary foundation used to admit results from scientific tests must be laid."
Appellant argues that the prosecution was required to establish the "traditional evidentiary foundation" because it failed to establish that the test was conducted "in conformity with the statute," § 32-5A-194, Code of Alabama 1975. The prosecution argues that appellant's contention is meritless because the test was conducted in conformity with the statute.
In Boyd v. City of Montgomery, 472 So.2d 694, 699
(Ala.Cr.App. 1985), we set forth the predicate necessary to introduce the results of a G.C.I. test into evidence. The transcript reveals that the prosecution had a copy of Boyd and followed the predicate precisely as stated in Boyd. Appellant's primary contention is that the prosecution failed to establish that the test was performed according to methods approved by the state Board of Health. See Boyd, 472 So.2d at 699.
At trial, Officer Reynolds testified that he followed the rules and regulations of the Alabama Department of Public Health in conducting the G.C.I. test in the present case. The prosecution also introduced into evidence the "OPERATIONAL PROCEDURE" card followed by the testing officer, Reynolds. On the reverse side of this card are set forth the "RULES *Page 750 
AND REGULATIONS OF THE STATE BOARD OF HEALTH RELATING TO THE ALABAMA TEST FOR INTOXICATION ACT." These rules are certified by the state board of health officer and records custodian, Ira L. Myers. Appellant argues that this "is nothing more than an operational card, for the use of the officer, and does not comply with any definition of the Rules and Regulations of that agency." All that is required by Boyd is that the prosecution offer evidence that the test was conducted in accordance with the rules and regulations of the state Board of Health, which was established by Officer Reynolds's testimony. In Patton v.City of Decatur, 337 So.2d 321, 324 (Ala. 1976), the Alabama Supreme Court clearly held that chemical tests for intoxication are admissible when the proper predicate is established evidencing that "duly adopted methods or regulations of the State Board of Health were followed in administering the test." The document denominated as "RULES AND REGULATIONS OF THE STATE BOARD OF HEALTH RELATING TO THE ALABAMA CHEMICAL TEST FOR INTOXICATION ACT" appearing on the reverse side of the "OPERATIONAL PROCEDURE" card sets forth the rules and regulations required by Patton. Officer Reynolds testified that he followed the rules and each requirement appears to be affirmatively established in the record. The predicate was, therefore, properly established in the instant case.
 II
Appellant next contends that he was improperly convicted of driving with a suspended license because the prosecution relied on a "print-out" from the Department of Public Safety as the basis of the conviction. In the recent case of Norton v. State,502 So.2d 393 (Ala.Cr.App. 1987), we held that a computer generated printout from the Department of Public Safety is admissible and sufficient evidence if it is properly certified by the official having custody of driving records in the state Department of Public Safety and if it shows the status of the accused driver's license on the date in question as being revoked, suspended, or cancelled.
Appellant contends that the computer generated printout from the Department of Public Safety, which is in the record and indicates that appellant's driving license was revoked on the date in question, was insufficient to justify conviction. We agree, for the computer generated printout is not in compliance with our decision in Norton. While this document is certified, it is not certified by the custodian of records at the Department of Public Safety, as required by Norton; rather, it is certified by the clerk of the municipal court of the City of Montgomery. This certification is clearly insufficient under our ruling in Norton.
However, appellant's case is not due to be reversed on the ground of insufficiency, for the prosecution introduced an affidavit from the custodian of records of the Driver's License Division of the Department of Public Safety, denominated as City's Exhibit One. This clearly establishes that, on the date appellant was charged with driving while license revoked, his license was actually in a state of revocation. This affidavit is properly sworn to by the custodian of records of the Driver's License Division, Department of Public Safety. This document, which was properly before the court, clearly establishes that appellant was guilty of the offense charged.
 III
Appellant's third contention is that the court erred in failing to give various requested jury charges. Appellant cites us to seven different charges and generally argues that "they are all correct propositions of law" without specific argument or cited authority. We have reviewed the requested charges and find that each was properly denied.
Based on the foregoing, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur. *Page 1210