The appellant was charged with driving while his license was revoked, in violation of § 32-6-19, Code of Alabama (1975). He waived his right to a jury trial, and the facts regarding the charge were stipulated. The trial judge has certified the following question, thereby meeting the requirements of §12-12-72(1) and (2), Code of Alabama (1975):
 "Whether a defendant may be convicted of driving while license revoked where the sole evidence of status or of any prior traffic offenses is an affidavit from an official of the Alabama Department of Public Safety, Driver License Division certified to be true and correct showing the status at the time of the arrest as revoked?"
The stipulated facts established that the appellant was lawfully stopped by an Alabama State Trooper on January 10, 1987, and charged with driving while license revoked. The State at trial attempted to prove the revoked status of the appellant's license on the date he was stopped by offering a computer printout of his five-year driving records certified by Major Hammond of the Department of Public Safety. This printout was dated after the date of the offense. The defense objected to the admission of the printout, citing Norton v. State,502 So.2d 393 (Ala.Cr.App. 1987). The court in Norton found computer printouts to be admissible, provided they contain information material to the case and provided they are properly certified. Norton v. State, supra, at 394-95. " 'A "certified copy" of a public record is one that is signed and certified as a true copy by the officer who has lawful custody of theoriginal.' C. Gamble, McElroy's Alabama Evidence, Section 218.01 (3rd ed. 1977), cited with approval in Yelton v.State, 294 Ala. 340, 344, 317 So.2d 331 (1974)." (Emphasis added). Lidge v. State, 419 So.2d 610, 615 (Ala.Cr.App. 1982).
The trial judge in the case sub judice rejected the computer printout because Major Hammond was not authorized to certify the driving record. This case involves a computer printout dated after the offense in question, and is therefore distinguishable from Norton, wherein the computer printout was dated prior to the date of the offense in question.
Although the trial judge rejected the computer printout, he allowed the State thirty (30) days within which to submit adequate proof of the status of the appellant's license on January 10, 1987. Rather *Page 148 
than obtaining the computer printout in compliance withNorton, the State submitted an affidavit of the Supervisor of Records, Driver's License Division, stating the revoked status of appellant's license on January 10. The computer printout was never admitted into evidence, and the trial judge relied completely on the affidavit in finding the appellant guilty.
C. Gamble McElroy's Alabama Evidence, § 218.01 (3d ed. 1977), states that risk of loss or damage, as well as inconvenience is sufficient to justify not requiring a public officer to bring an original government record to court. "It has become an exception to the best evidence rule, consequently, that proof of the content of a public record may be made by a sworn, examined or certified copy." Section 218.01, supra. Section 229.02(2) states as follows:
 "A copy certified by authority of a statute, or a sworn or examined copy of a public record, is required to prove the contents of that record before a witness' testimony as to his recollection of the contents is admissible. . . . It should be noted, however, that secondary evidence as to the contents of a public record, other than a certified, sworn or examined copy thereof, is admissible if the proponent does not have a copy and a copy cannot be made because of the loss or destruction of the original."
C. Gamble, McElroy's Alabama Evidence, Section 229.02(2) (3d ed. 1977) (emphasis added Section 12-21-35, Code of Alabama (1975), addresses the issue of records. See also Section12-21-34, Code of Alabama (1975), which authorizes certification of the nonexistence of records after a diligent search has been made.
The State in the present case failed to offer a copy of the appellant's driving record in compliance with the best evidence rule. Rather, it offered the conclusion of the Supervisor of Records of the Driver's License Division after he had examined those records. We hold that the affidavit is insufficient proof of the status of the appellant's license without a showing that the records themselves were unavailable. See State v. Hendrix,331 Mo. 658, 56 S.W.2d 76, 80 (Mo. 1932); Weil Bros. v.Southern Ry., 21 Ala. App. 245, 107 So. 38 (1926). Therefore, in so holding, we overrule Brown v. City of Montgomery,504 So.2d 748 (Ala.Cr.App. 1987), insofar as it may conflict with this opinion.
The judgment of the lower court is hereby reversed and judgment is rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.