This Court granted certiorari in this case to determine whether the Court of Criminal Appeals 527 So.2d 146 (1987) erred when it reversed the respondent's conviction for driving while his license was revoked by rendering judgment in his favor, as opposed to remanding the cause for a re-trial. The question presented is one of first impression: whether the State is entitled to retry a defendant whose conviction is reversed because of the incorrect receipt of evidence, where, as here, the evidence was admissible under the case law in existence at the time of trial. For the reasons set out below, we reverse the judgment of the Court of Criminal Appeals insofar as it rendered judgment in favor of respondent and remand with instructions to the Court of Criminal Appeals to remand the cause for re-trial.
On January 10, 1987, Darrell Zinn was charged with driving while his driver's license was revoked, in violation of Alabama Code 1975, § 32-6-19. At trial, the State attempted to prove the revoked status of Zinn's license on the date he was stopped by offering a computer printout of his five-year driving records certified by Major Hammond of the Department of Public Safety. After defense objection, the trial court excluded this printout and gave the State 30 days to submit proper proof of the status of Zinn's license on January 10, 1987.[1]
The State next attempted to prove the revoked status of Zinn's license by submitting an affidavit of the supervisor of records in the Driver's License Division of the Department of Public Safety, which stated that on January 10, 1987, Zinn's driver's license was in a state of revocation. On the basis of this affidavit, Zinn was convicted and fined $100.
The State argues that the Court of Criminal Appeals erred in rendering judgment in favor of Zinn. The State submits that it is entitled to retry Zinn because his conviction was not reversed on the basis of insufficient evidence, but rather, on the basis of trial error in the admission of certain evidence.
In Norton v. State, 502 So.2d 393 (Ala.Crim.App. 1987), the Court of Criminal Appeals held that "a properly certified computer printout, certified by the official having custody of the driving records in the State Department of Public Safety and showing the status of the driver's license of appellant on the date in question, would be admissible as presumptive or prima facie evidence of such fact. § 12-21-35."[2] The Court of Criminal Appeals subsequently decided Brown v. City ofMontgomery, 504 So.2d 748 (Ala.Crim.App. 1987), another *Page 150 
driving-while-license-revoked case. In Brown, that court held that, although the computer-generated printout of the defendant's driving record failed to comply with Norton, because it was not certified by the proper official, the defendant's conviction was due to be affirmed because the State "introduced an affidavit from the Custodian of Records of the Driver's License Division of the Department of Public Safety . . . [which] clearly establishes that, on the date appellant was charged with driving while license revoked, his license was actually in a state of revocation. . . . This document . . . was properly before the court . . ." (emphasis added).
The State argues that the affidavit it submitted to prove that Zinn was guilty of the offense charged complied with the evidentiary rule established in Brown that an affidavit of the custodian of records, Driver's License Division of the Department of Public Safety, is admissible evidence. It is clear from the record and opinion below that the State did come within the Brown rule when it submitted the affidavit of the supervisor of records, Driver's License Division of the Department of Public Safety, which stated that on January 10, 1987, Zinn's driver's license was in a state of revocation.
In its opinion, the Court of Criminal Appeals held that the affidavit failed to comply with the best evidence rule and therefore was insufficient proof of the status of Zinn's driver's license, without a showing that the records themselves were unavailable. In so holding, the court overruled its prior decision in Brown to the extent that it conflicted with its holding in Zinn. The State submits that it is entitled to retry Zinn because of its compliance with the case law in existence at the time of trial.
In Burks v. United States, 437 U.S. 1, 14, 98 S.Ct. 2141,2149, 57 L.Ed.2d 1 (1978), the Supreme Court stated:
 "The principle that [the Double Jeopardy Clause] does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence."[3]
The Court concluded as follows:
 "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." (emphasis added)
Burks, 437 U.S. at 15, 98 S.Ct. at 2149.
Both this Court and the Court of Criminal Appeals have followed the Burks rule that a defendant may be constitutionally retried where his conviction is set aside because of error in the proceedings as opposed to insufficiency of evidence of guilt. See, e.g., Ex parte Beverly,497 So.2d 519 (Ala. 1986); Ex parte Collins, 385 So.2d 1005 (Ala. 1980);Thomas v. State, 473 So.2d 627 (Ala.Cr.App. 1985); Robinson v.State, 405 So.2d 1328 (Ala.Cr.App. 1981).
Burks makes it clear that the reversal of a conviction because of the incorrect receipt of evidence does not bar a retrial of the defendant. It must be asked whether this is also true where, as here, the inadmissible evidence is the only evidence of the defendant's guilt. The United States Court of Appeals for the Seventh Circuit addressed this issue in UnitedStates v. Tranowski, 702 F.2d 668 (7th Cir. 1983), cert. denied, 468 U.S. 1217, 104 S.Ct. 3586, 82 L.Ed.2d 884 (1984), as follows:
 "This brings us to the main question raised by this appeal, which is whether a *Page 151 
reversal for erroneous admission of evidence bars re-trial if the remaining evidence is found to be insufficient to support the conviction. Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15
(1978), held that a reversal based on an error in admission of evidence does not in itself bar a re-trial — it is like any other trial error in this regard — but expressly left open the question whether it would be a bar if the remaining evidence was insufficient. Id. at 26 n. 9, 98 S.Ct. at 2155
n. 9. The three circuits that have considered this question have held that it would not be a bar. United States v. Sarmiento-Perez, 667 F.2d 1239, 1240 (5th Cir. 1982); United States v. Harmon, 632 F.2d 812, 814 (9th Cir. 1980); United States v. Mandel, 591 F.2d 1347, 1371-74, rev'd en banc on other grounds, 602 F.2d 653 (4th Cir. 1979). We think they are right. A contrary conclusion would lead the government to 'overtry' its cases — to introduce redundant evidence of the defendant's guilt — in order to insure itself against the risk of not being able to retry the defendant should some of its evidence be held on appeal to be inadmissible. It would also require the court of appeals, in every case where it reversed a conviction because of erroneous admission of evidence, to determine the sufficiency of the remaining evidence — something the court would otherwise be required to do only if the government argued harmless error."
Tranowski, 702 F.2d at 671. See, also, United States v. Porter,807 F.2d 21 (1st Cir. 1986), cert. denied, ___ U.S. ___,107 S.Ct. 2178, 95 L.Ed.2d 835 (1987); United States v. Marshall,762 F.2d 419 (5th Cir. 1985). Cf. Linam v. Griffin,685 F.2d 369 (10th Cir. 1982), cert. denied, 459 U.S. 1211,103 S.Ct. 1207, 75 L.Ed.2d 447 (1983) (Double Jeopardy Clause does not bar re-trial when evidence is incorrectly excluded). It is thus clear that the Federal Circuit Courts of Appeals that have addressed the issue are in accord that the reversal of a conviction for trial error does not prevent the state from retrying a defendant, even if the error consists of the improper admission of evidence and the remaining evidence in the case is not sufficient to support a conviction. We agree with their conclusion.
Because the reversal was not based on the insufficiency of the evidence, but rather, on the incorrect receipt of evidence, under the Burks rule the State is entitled to retry the respondent. The Court of Criminal Appeals erred in precluding the State from doing so by rendering judgment in respondent's favor. We reverse the judgment of the Court of Criminal Appeals insofar as it rendered judgment in favor of respondent and remand with instructions to the Court of Criminal Appeals to remand the cause for re-trial.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] According to respondent's brief, the reason the trial court rejected the computer printout was that it was improperly dated after the date of the offense, i.e., it did not purport to show the status of Zinn's driving record on the date of the offense but at a time thereafter.
[2] Alabama Code 1975, § 12-21-35(a), provides in pertinent part: "All transcripts of books or papers, or parts thereof, required by law to be kept in the office, custody or control of any public officer, agent, servant or employee of any municipality, city or county of the state of Alabama or of the United States, when certified by the proper custodian thereof, must be received in evidence in all courts. . . ." It has been held that this Code section is a statutory exception to the best evidence rule. See Thomas v. State, 395 So.2d 1105
(Ala.Crim.App. 1981).
[3] The Burks principle has been made applicable to the States via the Due Process Clause of the Fourteenth Amendment. See Hudsonv. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).