MADDOX, Justice.
The question presented in this case is whether, in a prosecution under Ala.Code 1975, § 32-6-19, for driving with a canceled, revoked, or suspended driver’s license, “the prosecution must allege and prove the specific alternative by which the defendant’s license or privilege to drive was terminated,” as the Court of Criminal Appeals held. Mozingo v. City of Dothan, 603 So.2d 1119 (Ala.Cr.App.1991). We affirm that holding, but we also attempt to answer some of the arguments made by the City of Dothan concerning the effect of that holding upon law enforcement officers charged with enforcing the provisions of § 32-6-19.
The defendant was charged with operating a motor vehicle “while his license or privilege was revoked in violation of Section 9-1 [See Code of Alabama 1975, Sec. 32-6-19].” The city ordinance incorpo *1122 rated the provision of Ala.Code 1975, § 32-6-19. That section provides, in pertinent part:
“Any person whose driver’s ... license ... has been canceled, suspended or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended or revoked shall be guilty of a misdemeanor.”
The Court of Criminal Appeals reversed the conviction and rendered a judgment for the defendant, holding that “[tjhere is a distinction between ‘cancellation’ and ‘revocation’ as those terms are defined in the statute,” and that “there is a material variance between an [information] charging that the [defendant] was driving a motor vehicle after his driver’s license had been ‘revoked’ and proof showing that the license had been ‘canceled,’ because revocation and cancellation are alternative methods of proving the same offense.”
The crucial question, of course, is whether the variance was material, as the Court of Criminal Appeals held. That court correctly held that there was a fatal variance. The Court of Criminal Appeals quoted from House v. State, 380 So.2d 940, 942-43 (Ala.1979), as follows:
“The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.”
(Emphasis added by the Court of Criminal Appeals.)
As the Court of Criminal Appeals correctly points out, the legislature, at § 32-1-1.1, has defined the terms “cancellation,” “revocation,” and “suspension,” which are used in § 32-6-19. The Uniform Traffic Ticket and Complaint (“UTTC”) recognizes this statutory distinction and also makes provision for charging an offense by each alternative, as follows:
“DRIVING WHILE LICENSE OR PRIVILEGE IS:
“_ Revoked _ Suspended _ Cancelled.”
See the UTTC as printed at Rule 19, A.R.Jud.Adm.
In its brief, the City of Dothan contends that the opinion of the Court of Criminal Appeals “holds a police officer to a much greater burden than merely establishing probable cause for issuance of a citation involving § 32-6-19,” and that it, in effect, holds that “an officer of the law must make an election of ‘canceled,’ ‘revoked,’ or ‘suspended’ at the scene based upon unreliable information.” In reaching this erroneous conclusion, the City seems to be misconstruing Norton v. State, 502 So.2d 393 (Ala.Cr.App.1987), and reading that opinion as holding that the records of the Department of Public Safety relating to the status of a person’s driver’s license are not reliable enough to establish probable cause. The City claims that Norton holds that a computer printout of a person’s driving record and status is inadmissible because of its unreliability. We do not read Norton as holding that computer printouts are unreliable records. As we read that case, the computer printouts were not admitted into evidence because they were not certified properly. Our reading of Norton seems to be buttressed by Brown v. City of Montgomery, 504 So.2d 748 (Ala.Cr.App.1987), where the court did find that a computer printout that was not properly certified was inadmissible. Brown held that an affidavit from the custodian of the records of the Driver’s License Division of the Department of Public Safety, introduced to establish that the motorist's license was actually in a state of revocation on the date in question, was admissible and was sufficient to support a conviction.
We do not harbor the fear expressed by the City that the holding of the Court of Criminal Appeals in this case will frustrate law enforcement officers in charging the proper alternative under § 32-6-19. We would further point out that, even though the charge made in this case could not have been amended to allege the proper alternative, Sisson v. State, 528 So.2d 1159 (Ala.1988), because the provisions of Temporary Rule 15.4 required a defendant’s consent to *1123 an amendment, the provisions of Rule 13.5, Ala.R.Crim.P., now provide that “[t]he court may permit a charge to be amended without the defendant’s consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.” In future cases where the proof shows that the prosecution has made a prima facie case that the defendant did, in fact, violate the provisions of § 32-6-19, but that there is a variance between the allegations in the charge and the proof, the prosecution could timely move to amend the charge, as provided for in Rule 13.5, Ala.R.Crim.P.
Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.
KENNEDY, J., concurs in the result.