BOWEN, Presiding Judge.
Harvey Jordan, the appellant, was convicted in two cases (CC-93-336 and CC-93-1306) of driving with a revoked license in violation of Ala.Code 1975, § 32-6-19. He was fined $100 in each case and was given concurrent sentences of two weeks in jail. On this direct appeal from those convictions, the appellant contends that the State did not present any legal evidence establishing the status of his driver’s license on the dates in question.
The alleged violations occurred on October 25,1992, and on March 10,1993. The prosecution submitted documentary evidence, over the objection of defense counsel, that the appellant’s driver’s license was revoked on those dates. At trial, the prosecution presented two certified copies of computer printouts of the appellant’s driving record. Those copies are dated “8/24/93” and “12-29-92.” C.R. 31, 33. The prosecution admits that “none of these printouts show appellant’s driver’s license status on the date of arrest.” Appellee’s brief at 5. However, the prosecution argues that it supplied that information through the affidavits of the “Supervisor and/or Deputy Custodian of Records, Driver License Division, Department of Public Safety, State of Alabama.” C.R. 30, 32. Each affidavit states that the custodian has examined the driver’s license record of the appellant, and that on the days in question, the appellant’s license was “revoked.”
In Hodges v. City of Hoover, 647 So.2d 39 (Ala.Cr.App.1994), this Court addressed this issue and held that such affidavits constituted inadmissible hearsay.
“In Brown v. City of Montgomery, 504 So.2d 748 (Ala.Cr.App.1987), this Court held that a computer printout of the accused’s driving record was inadmissible because it was not properly certified. Despite the inadmissibility of the printout, however, this court affirmed the accused’s conviction because we determined that the evidence, which included an affidavit from the records custodian at the Driver’s License Division of the Department of Public Safety, was sufficient to establish that the accused’s license was revoked on the date in question.
“In Zinn v. State, 527 So.2d 146 (Ala.Cr.App.1987), reversed on other grounds, 527 So.2d 148 (Ala.1988), this Court overruled Brown ⅛ holding that an affidavit is admissible to prove the fact of revocation of a driver’s license. Zinn determined that an affidavit is ‘secondary evidence as to the contents of a public record,’ and is admissible only ‘if the proponent does not have a copy and a copy cannot be made because of the loss or destruction of the original’ 527 So.2d at 148 (quoting C. Gamble, McElroy’s Alabama Evidence, § 229.02(2) (3d ed. 1977) (emphasis added in Zinn).
“In Zinn, the proponent of the affidavit did not show that the original record pertaining the accused’s driver’s license was lost, destroyed, or otherwise unavailable. Therefore, this Court held that the affidavit was inadmissible and reversed the accused’s conviction.
“All of our prior cases involving license revocation proceedings have accepted the proposition that properly certified computer printouts, which show an accused’s driving record, are admissible in evidence. See Zinn v. State, 527 So.2d at 147; Brown v. City of Montgomery, 504 So.2d at 750; Norton v. State, 502 So.2d 393, 394 (Ala.Cr.App.1987). We reaffirm that proposition here.
“ ‘[A] computer generated printout from the Department of Public Safety is admissible and sufficient evidence if it is properly certified by the official having custody of driving records in the state Department of Public Safety and if it shows the status of the accused[’s] driver’s license on the date in question as being revoked, suspended, or cancelled.’
*593 “Brown v. City of Montgomery, 504 So.2d at 750 (emphasis added [in Hodges ]). See also Norton v. State, 502 So.2d at 394; Zinn v. State, 527 So.2d at 147. See generally Annot., Proof of Public Records Kept or Stored on Electronic Computing Equipment, 71 A.L.R.3d 232 (1976).
“We emphasize, however, that a computer printout is relevant and admissible evidence only to the extent it shows that the status of the accused’s license was revoked, suspended, or cancelled on the date in question. Unless the computer printout reflects the status of the driver’s license on the date in question it has no probative value. In the present case, the computer printout indicated that the status of the appellant’s driver’s license was revoked as of July 16,1993, ten days after the charged offense. The printout did not indicate the date upon which the appellant’s license had been revoked. It, therefore, provided no evidence that the appellant had been, ten days earlier, driving while her license was revoked.
“In Zinn v. State, 527 So.2d at 148, this Court held that an affidavit such as the one admitted in this case was ‘insufficient proof of the status of the appellant’s license without a showing that the records themselves were unavailable.’ Although the foregoing statement from Zinn is correct as far as it goes, it is not a complete statement of the rule regarding the admissibility of affidavits in cases such as this.
“Generally, ‘[a]n affidavit is inadmissible hearsay and cannot be offered as substantive evidence. State ex rel. Bailes v. Guardian Realty Co., 237 Ala. 201, 208, 186 So. 168 (1939); McClellan v. State, 452 So.2d 909, [910] (Ala.Cr.App.1984); C. Gamble, McElroy’s Alabama Evidence § 260.01 (4th ed. 1991).’ Associates Fin. Serv. v. Barbour, 592 So.2d 191, 196-97 (Ala.1991). A trial court should not reach the question of whether an affidavit is admissible as secondary evidence of the contents of a public document until it has resolved the more basic question of whether the affidavit is admissible under some exception to the hearsay rule.
“In the present case, the computer printout provided no evidence of when the appellant’s license had been revoked. The affidavit introduced to establish that date was inadmissible hearsay not shown to come within any exception to the hearsay rule. Furthermore, even if the proponent of the affidavit had surmounted the hearsay objection, which it did not, there was no warrant for resorting to the secondary evidence of Hardy’s affidavit concerning the appellant’s driving record because the original record was available. Compare Coffee County v. Berry, 36 Ala.App. 247, 248, 54 So.2d 790, 791 (wherein the court observed that ‘[t]he loss and destruction of [county] records [in the Elba flood of 1929] justified the plaintiff in making out his proof by secondary evidence’), cert. denied, 256 Ala. 381, 54 So.2d 792 (1951); Hemingway v. Garth, 51 Ala. 530 (1874) (secondary evidence admissible where original records lost); Gresham v. Taylor, 51 Ala. 505 (1874) (same).”
The appellant’s conviction is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.