While I concur with the majority opinion that the appellant's conviction is due to be reversed based upon the illegal search of appellant's truck, I want to underscore that the proper disposition of this case is to remand it rather than to render a judgment for Lykes, even where, without the inadmissible evidence, there is insufficient evidence to support a conviction. Both this Court and the Alabama Supreme Court follow the rule of Burks v. United States, 437 U.S. 1, 14,98 S.Ct. 2141, 2148-49, 57 L.Ed.2d 1 (1978). This rule provides that a defendant may be constitutionally retried where his or her conviction is set aside because of error in the proceedings as opposed to insufficiency of evidence of guilt. See, e.g., Exparte Beverly, 497 So.2d 519, 525 (Ala. 1986). As this Court stated in Fortier v. State, 564 So.2d 1041, 1042-43
(Ala.Crim.App.), cert. denied, 564 So.2d 1043 (Ala. 1990):
 "[T]he Double Jeopardy Clause allows a retrial where the reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against the defendant, even where the court also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction. Lockhart v. Nelson, 488 U.S. 33, 40, 109 S.Ct. 285, 290, 102 L.Ed.2d 265 (1988)."
See also Zinn v. State, 527 So.2d 148, 150-51 (Ala. 1988).
I would further note that today's holding should not be interpreted as giving the prosecution a second chance to supply evidence concerning the legality of the search that it failed to provide during the first trial — that is, "a second bite of the apple." See Ex parte Hergott, 588 So.2d 911, 913-16 (Ala. 1991); Hull v. State, 607 So.2d 369, 374-382 (Ala.Crim.App. 1992).