UNITED STATES of America, Appellee,

v.

Charles D. PRICE, Appellant.

UNITED STATES of America, Appellee,

v.

Herman O. McMAHAN, Appellant.

Nos. 85–5040(L), 85–5041.

United States Court of Appeals,
Fourth Circuit.

Sept. 20, 1988.

---

Coming B. Gibbs, Jr., Anthony F. Gonzales (Gibbs & Holmes; Samuel R. Mandelbaum, on brief) for appellants.

Dale L. DuTremble, Asst. U.S. Atty. (Vinton D. Lide, U.S. Atty., on brief) for appellee.

Before WIDENER and PHILLIPS, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.

HILTON, District Judge:

This matter came before the court on remand from the United States Supreme Court. *McMahan v. United States*, ––– U.S. –––, 107 S.Ct. 3254, 97 L.Ed.2d 754 (1987). The defendants were convicted in district court in South Carolina on charges of mail fraud and embezzlement on November 12, 1984. On April 14, 1986, this court reversed the convictions on the embezzlement grounds, and affirmed the convictions on the mail fraud and conspiracy grounds. *United States v. Price*, 788 F.2d 234 (4th Cir.1986).

The facts relevant to this case were set out in detail in our earlier opinion. *See id.* The mail fraud convictions resulted from the defendants' activities as union officials. Defendant McMahan was the elected business manager of Local 601 of the International Iron Workers Union in Charleston, South Carolina. Defendant Price was the elected business and financial agent of Local 808 of the International Iron Workers Union in Orlando, Florida. The evidence showed that Price and McMahan caused membership applicants to Local 601 to pay fees greater than were required by the Union. The normal fee was given over to the Union along with the Form No. 7 membership application. However, Price and McMahan retained the excessive fees and never accounted to the Union for them.

The mail fraud counts under which the defendants were convicted charged them essentially with engaging in a scheme to defraud the union of their faithful, disinterested, and honest services, free from corruption, dishonesty, and fraud, in violation of 18 U.S.C. § 1341. The conspiracy count charged the defendants with conspiring to commit these acts, in violation of 18 U.S.C. § 371.

In our earlier opinion in this case, we held that "intangible rights may be the target of a scheme to defraud under 18 U.S.C. § 1341." *Id.* at 237. This finding was in accord with earlier opinions of this Court. *See United States v. Barber*, 668 F.2d 778 (4th Cir.1982), *cert. denied*, 459 U.S. 829, 103 S.Ct. 66, 74 L.Ed.2d 67 (1982); *United States v. Shamy*, 656 F.2d 951 (4th Cir.1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982); *United States v. Mandel*, 591 F.2d 1347 (4th Cir. 1979), *not modified*, 602 F.2d 653 (4th Cir. 1979) (en banc), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980). Accordingly, the trial court's finding that the defendants deprived the union and its members of the defendants' honest and faithful services as union officials, in violation of 18 U.S.C. § 1341, was affirmed. *Price*, 788 F.2d at 237.

Since the issuance of our earlier opinion, the United States Supreme Court has ruled that § 1341 is limited in scope to the protection of property rights, and that it does not extend to the protection of intangible rights such as good government or honest union management. *McNally v. United*

**236**

*States,* —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). In *McNally,* the defendants, state government officials, engaged in a scheme whereby they placed the state's workmen's compensation insurance with a particular agency in exchange for that agency's agreement to share commissions with a group of agencies, some of which were controlled by the defendants. The defendants were not charged with defrauding the state government of money or property. Instead, they were charged with participating in a scheme to defraud the state's citizens of "intangible rights," such as the right to have state affairs conducted honestly, allegedly in violation of § 1341. The Court found that if such an offense had been committed, it was not within the scope of § 1341. *Id.* 107 S.Ct. at 2882.

In reaching its decision in *McNally,* the Court examined both the language and legislative history of § 1341. The Court concluded that Congress intended the word "defraud," contained in § 1341, to refer to wronging one in his property rights by dishonest methods. Construing the statute otherwise would "[leave] its outer boundaries ambiguous and [involve] the Federal Government in setting standards of disclosure and good government for local and state officials.... If Congress desired to go further, it must speak more clearly than it has." *Id.* 107 S.Ct. at 2881.

■ In consideration of the law as recently interpreted by the United States Supreme Court, and of the trial court's instructions in this case, the mail fraud and conspiracy convictions of Price and McMahan cannot stand. The trial instructions, which stated that the jury could find the defendants guilty without finding that the defendants had defrauded anyone of money or tangible property, constitute prejudicial error after *McNally.*

Moreover, the original indictment is insufficient as the foundation for a new trial, even if these defendants were retried under proper post-*McNally* instructions.

Paragraphs 17 and 18 of Count One of the indictment set forth the alleged scheme to defraud, which was the basis for the mail fraud and conspiracy counts. It is not clear from the language in these paragraphs that the grand jury found probable cause to charge the defendants with a scheme to defraud of property or property rights. Paragraph 18 does not allege that the defendants pocketed the excess fees or converted union funds. Paragraph 17 is clearly aimed at a scheme to defraud of intangible rights, such as the honest conduct of union business and the use of assets, for example, application Form No. 7, free from corruption. Finally, Count One does not charge the defendants with engaging in a scheme to defraud applicants for union membership of the excess fees; it is addressed only to a scheme to defraud the union and its members of intangible rights.[1]

■ A bill of particulars may not be used to cure this indictment, which, after *McNally,* is invalid as it relates to these convictions. *See Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962). Similarly, the government should not be allowed to amend this indictment to allege a scheme to defraud of tangible property, as such a change would violate the defendants' fifth amendment right to be tried only for offenses charged by a grand jury.

*McNally* has had no effect on our decision to reverse the convictions of these defendants on the embezzlement grounds, and the Court adheres to that decision today. However, in the light of *McNally* and the inability of this indictment to support the defendants' mail fraud and conspiracy convictions, this action must be remanded to the district court, to reverse those convictions and to dismiss the indictment. If the government wishes to retry these defendants, or to charge them with defrauding the union, its members, or third-parties,

---

1. Had the government charged these defendants with defrauding the union of money, *see, e.g., United States v. Runnels,* 833 F.2d 1183 (6th Cir.1987); *United States v. Fagan,* 821 F.2d 1002 (5th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 697, 98 L.Ed.2d 649 (1988), a different result might have been obtained here. However, the indictment did not contain such a charge, and the issue of misappropriating money is not before this Court.

of money or property, it may seek another indictment.[2]

REVERSED AND REMANDED.

---

**2.** All supplemental authorities submitted by counsel in this action have been considered.